### R. H. PARISH ET AL. v. A. A. NELSON.

#### Decided March 16, 1908.

**Appeal—Rule 31.**

Rule 31 for the Courts of Civil Appeals requires that a statement following a proposition under an assignment of error shall contain a "brief statement in substance of such proceedings, or parts thereof, contained in the record, as will be necessary and sufficient to sustain and support the proposition, with a reference to the pages of the record." A statement which consists of mere legal conclusions, and contains no reference to the pages of the record, is not a compliance with said rule, and does not entitle the assignment of error to which it relates to consideration.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*S. M. Adams,* for appellants.

*Ingraham, Middlebrook & Hodges,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellants against appellee to cancel a deed made by them and to recover possession of the land conveyed by said deed. The court below sustained a general demurrer to the petition and plaintiffs declining to amend, their suit was dismissed.

The only assignment of error presented in appellant's brief is as follows:

"The trial court erred in sustaining the defendant's general demurrer to the plaintiffs' original amended petition in this cause:

"1st. For it shows on the face of the petition that the plaintiffs were the owners in fee simple of a certain portion of land on or before the 18th day of July, 1903.

"2d. The plaintiffs' original amended petition shows on its face that this land was purchased from these plaintiffs by the agent of A. A. Nelson through fraud and deception.

"3d. That the petition shows on its face that the land was purchased at such a price as to raise the presumption of fraud on the part of A. A. Nelson, which said ruling of the court is here assigned as material error prejudicial to the rights of the plaintiffs and here asked that it be corrected."

This assignment is followed by the following proposition and statement:

"Petition to set aside and cancel a deed procured through fraud and deception must set out fully all the fraudulent statements made

by the party or his agent procuring such deed, also the true facts of the case, showing the statements made to be fraudulent and untrue."

"The petition in this case sets out very fully the statements made by the agent of the defendant Nelson, the effects of said fraudulent statements upon plaintiffs herein, and also states the effect that the fraudulent statements produced, and further states that these plaintiffs on the 18th day of July, 1903, owned an interest on the Mora Grant, in fee simple, and that by the fraudulent representation of the defendant's agent, they disposed of their interest for an inadequate consideration, giving the consideration paid them and the real value of the land at the time of the making of the deed by these plaintiffs; also shows that the plaintiffs were uneducated and ignorant, not in fact knowing or ever having been apprised of having an interest in the land described, but signing the deed, believing that they had no interest in the land but were doing it to aid R. W. Parrish, agent of the defendant, in settling a law suit. The petition shows that the defendant had superior information regarding title to this land, and through his agent overreached these plaintiffs and procured deed to same by misrepresentations, knowing at the time that the statements were false and untrue."

It is doubtful whether the assignment or the proposition thereunder is sufficient to require our consideration, and we think it is clear that the statement under the proposition is insufficient. Rule 31 requires that a statement following a proposition under an assignment of error shall contain a "brief statement in substance of such proceedings, or parts thereof, contained in the record as will be necessary and sufficient to sustain and support the proposition, with a reference to the pages of the record."

The misrepresentations alleged to have been made by appellee's agent are not set out, and there is no reference to the page of the record on which they can be found. The statement that said representations were fraudulent is but the statement of a legal conclusion. Not being informed by the statement what representations were made by appellee's agent, nor when nor under what circumstances they were made, we can not say whether they were fraudulent or material, and therefore the statement does not show that the court erred in sustaining a general demurrer to the petition. Such a statement is not in compliance with the rule above quoted and is insufficient to require us to consider the assignment, and appellee's objection to our considering it must be sustained. Walker v. Texas & N. O. Ry. Co., 75 S. W., 47; Swift v. Bruce, 31 Texas Civ. App., 92; Colorado Canal Co. v. McFarland & Southmeyd, recently decided by this court.

There being no error apparent of record, the judgment of the court below will be affirmed, and it has been so ordered.

*Affirmed.*