### GILMER'S HEIRS v. MAY VEATCH ET AL.

Decided June 24, 1909.

**1.—Power of Attorney—Sale of Interest of Heir—Innocent Purchaser.**

Where the grandfather died in 1870, possessed of land, the title being in his name, but same was the community of himself and wife who died in 1845, and a grandchild, who inherited a certain interest, executed a power of attorney authorizing a sale of her interest in the estate of her grandfather, and, acting under the power, the donee sold the entire interest of the donor in the land to a purchaser for value without notice that the land was community of the ancestors,

the interest inherited from the grandmother by the donor as well as that inherited from the grandfather, passed to such purchaser. Gilmer's Heirs v. Veatch, 102 Texas, 384.

### 2.—Same—Power Coupled with an Interest—Joint Owners.

A power of attorney, given by one joint owner of land to another joint owner, which simply authorizes the latter to sell and convey it, is not a power coupled with an interest within the legal meaning of that term.

### 3.—Same—Revocation by Death—Sale of Land.

The sale of land in this State, under a naked power of attorney after the death of the donor, can not be upheld.

### 4.—Same—Power Executed in Foreign State.

Where a general naked power of attorney was granted in another State and was attempted to be executed by the sale of land in this State, after the death of the donor, the law as recognized and applied by the courts of this State controlled, and the sale could not be upheld.

### 5.—Same—Revocation by Marriage.

A naked power of attorney granted by a feme sole is revoked by her marriage.

Error from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Geo. E. Holland,* for plaintiffs in error.—When an interest in the property to be dealt with under the agency is at the same time in the same person with a power to dispose of it, this constitutes a power "coupled with an interest." Bergen v. Bennett, 2 Am. Dec., 285; Jackson v. Burtis et al., 14 Johns., 391; Beecher v. Bennett, 22 Barb., 374; Mansfield v. Mansfield, 16 Am. Dec., 79; Wells v. Littlefield, 59 Texas, 562; Daugherty v. Moon, 59 Texas, 399; Weaver v. Richards, 6 L. R. A. (N. S.), 860.

The trial court erred in his fourth and fifth conclusions of law in holding that the power of attorney from Gitchell and wife was governed by the law of Texas and revoked by the death of the maker. The laws which subsist at the time and place of making a contract, affecting its validity, construction, discharge and enforcement, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. The Gitchell power of attorney was made, executed and delivered in California. It is a general power of attorney, and not one to be performed in any particular place or State. By the statutes of California that power is not revoked by death of the maker, and this statutory provision of California was properly shown in this case and found by the court. Edwards v. Kearzey, 96 U. S., 595; Miller v. Wilson, 146 Ill., 529; Sutherland on Stat. Constr., sec. 471.

A power of attorney is revoked by the marriage of the maker only, where some right of the other spouse is invaded. Fannie Veatch resided in California. Her power of attorney was general. There is no evidence that the continued life of the agency created by her power of attorney in any way affected the rights of her husband. They have acquiesced in the power for thirty years. Henderson v. Ford, 46 Texas, 627; Jordan v. Imthurn, 51 Texas, 289.

*W. D. Gordon,* for defendants in error.

McMEANS, ASSOCIATE JUSTICE.—Suit by John Alfred Veatch and others, heirs of John A. Veatch, deceased, against A. Gilmer and others, of trespass to try title to a part of the Kennard league of land in Sabine and Newton Counties. A trial in the court below resulted in a judgment against defendants for the title and possession of an undivided interest amounting to 762 acres of the land in controversy. From this judgment John Alfred Veatch alone appealed, and the judgment of the lower court was affirmed by the Court of Civil Appeals of the Fourth District (111 S. W., 746). A petition for a writ of error was granted by the Supreme Court, and that court, on a cross-assignment of error, reformed the judgment of the trial court and Court of Civil Appeals, and the judgment as reformed was affirmed (102 Texas, 384). A sufficiently full statement of the issues will be found in the opinions referred to, and need not be repeated here.

The appellees on that appeal filed and presented cross-assignments of error, only two of which were passed upon by the Court of Civil Appeals, that court holding that defendants, nor any of appellant's co-plaintiffs, having perfected an appeal, the cross-assignments of error, which had no reference to appellant, or that portion of the judgment appealed from, were not entitled to consideration.

This appeal is by writ of error sued out by defendants in the court below against all the plaintiffs except John Alfred Veatch, and the assignments of error here presented are identical with the assignments presented on cross-appeal.

Plaintiff in error's fifth assignment assails the trial court's eighth conclusion of law, which is as follows: "I find that the power of attorney from J. Allen Veatch and May Veatch is valid, but only authorizes the conveyance of their interest in their grandfather, John A. Veatch's estate, and did not authorize the conveyance of the mother's interest or the part inherited by them from their grandmother, and that they are entitled to recover an undivided 111 acres of the land in suit."

John A. Veatch, during his lifetime, became the owner of the south half and of an undivided one-eighth of the north half of the Kennard league. He sold 1,427 acres and died possessed of 1,349 acres. This was the community property of John A. Veatch and his wife, who died in 1845. John A. Veatch died in 1870. J. Allen Veatch and May Veatch are their grandchildren, and are entitled to an undivided 222 acres of the 1,349 acres, unless their title was divested by a sale made by S. H. Veatch under a written power of attorney executed by them to him authorizing him to "sell and transfer our interest in the estate of John A. Veatch, deceased." Acting under this power S. H. Veatch sold the entire interest of J. Allen Veatch and May Veatch in the Kennard league. The trial court held that this power of attorney only authorized S. H. Veatch to sell the interest of the land that was inherited by his principals from John A. Veatch, deceased, and not the interest inherited by them from their deceased grandmother, who was

the wife of John A. Veatch, and awarded to May and John Allen Veatch 111 acres, which was one-half of the amount shown to have passed to them by descent from their grandparents. Following the opinion of the Supreme Court on the appeal of John Alfred Veatch before referred to, and adopting the reasons therein given, we hold that the assignment is well taken, and that under the agreed facts the defendants in the court below, plaintiffs in error here, are entitled to the share of J. Allen Veatch and May Veatch of 222 acres, instead of the one-half thereof as awarded by the judgment of the lower court.

Plaintiff in error's first assignment of error is: "The trial court erred in his fourth conclusion of law in holding that the powers of attorney were naked powers and not coupled with an interest." Under this assignment the proposition is advanced that "when an interest in the property to be dealt with under the agency is at the same time in the same person with a power to dispose of it, this constitutes a power coupled with an interest." The question here presented is whether a power of attorney, given by one joint owner of land to another joint owner, to sell and convey it, is a power "coupled with an interest" within the legal meaning of that term. Plaintiffs in error contend that the instrument does not carry with it an interest in the land to be sold in order to couple an interest with the power; that the power is one thing, and the interest is another, and that when the power to sell is in the same person who has an interest in the thing to be sold, however that interest is acquired, the power becomes one coupled with an interest, and irrevocable. The powers of attorney in question were given by persons who owned an undivided interest in land to a person who also owned an undivided interest in the same land. No interest or estate in the land to be sold was conferred by the instruments upon the agent, but merely authorized him to sell and convey their land. We do not think the contention is sound. See Words and Phrases, title "Power Coupled with an Interest." The assignment is overruled.

The second assignment complains that the trial court erred in its fourth and fifth conclusions of law in holding that the power of attorney from Gitchell and wife was governed by the laws of Texas and was revoked at the death of the makers.

This instrument was a general power of attorney and was executed in the State of California. There was nothing in its terms to indicate where or in what State it was to be executed. It was in fact attempted to be executed by the sale of lands in Texas, after the death of the makers. The statute of California provides that "Agency is terminated by notice to the agent of the death of the employer." The power of attorney conferred upon the agent no interest or estate in the property to be sold; in other words, the power was not "coupled with an interest." We think that when, in an attempt to carry out the powers conferred, land in this State was attempted to be sold, the law as recognized and applied by the courts of this State must control, and the mere fact that the instruments were signed and delivered in California would not alter this rule. That the sale of lands in this State under a naked power of attorney after the death of the principal can not be upheld seems to be well settled. Cleveland v. Williams, 29 Texas, 204; Renfro v. Waco, 33 S. W., 767; Kent

v. Cecil, 25 S. W.; 715; Conner v. Parsons, 30 S. W., 85; Cox v. Bray, 28 Texas, 263.    The assignment is overruled.

Fannie Veatch, after the execution of her power of attorney, and before a sale of her interest in the land was made by her agent, married; and the court concluded, as a matter of law, that her marriage revoked the power.    This conclusion is assailed by the third assignment of error.    We find no error in the court's conclusion.    Judson v. Sierra, 22 Texas, 371; Henderson v. Ford, 46 Texas, 627.

The fourth assignment is not followed by a statement sufficient to explain it, as required by Rule 31, and will not, therefore, be considered.

The sixth assignment was disposed of by the Supreme Court, and the seventh by the Court of Civil Appeals, in the opinions above referred to, and for that reason will not be here discussed.

We are of the opinion that instead of recovering of J. Allen Veatch and May Veatch 111 acres of the land, the plaintiffs in error should have recovered 222 acres; and accordingly the judgment will in that respect be reformed, and in all other respects affirmed.

*Reformed and affirmed.*

Writ of error refused.