## O. P. Merrill *vs.* Joseph E. Odiorne.

### Kennebec.    Opinion July 12, 1915.

*Duty of Patient.    Insurer.    Medical Science.    Negligence.    Ordinary Care.*
*Ordinary Skill.    Physician's Responsibility.*

An action against a surgeon for malpractice in the reduction and treatment of a fractured thigh bone.

*Held:*

1.   The physician contracts with his patient that he has the ordinary skill of the members of his profession in like situation, that he will exercise ordinary or reasonable care and diligence in his treatment of the case and that he will use his best judgment in the application of his skill to the case.

2.   The physician is not an insurer.   He does not warrant favorable results.   If he possesses ordinary skill, uses ordinary care, and applies his best judgment, he is not liable even for mistakes in judgment.

3.   In cases of this nature, a duty devolves upon the patient.   It is his duty to follow the reasonable instructions and submit to the reasonable treatment prescribed by his physician or surgeon.

4.   If the patient fails in his duty and his negligence directly contributes to the injury, he cannot maintain an action for malpractice against the physician or surgeon, who may also be negligent in treating the case.

On motion for new trial by defendant.   Motion sustained.   New trial granted.

This is an action on the case against a physician for malpractice in setting and treating a fracture of plaintiff's thigh bone.   Plea, the general issue.   The jury rendered a verdict for plaintiff for $2000. Defendant filed general motion for a new trial.

The case is stated in the opinion.

*George W. Heselton, E. H. Maxcy and E. L. Goodspeed,* for plaintiff.
*C. A. Knight and A. S. Littlefield,* for defendant.

Sitting:   Savage,   C. J.,   Spear,   Cornish,   Bird,   Haley, Philbrook, JJ.

Philbrook, J.   This is an action against a surgeon to recover damages resulting from alleged negligence on his part in the reduc-

tion and treatment of a fractured limb. The verdict was in favor of the plaintiff and the defendant asks that the verdict be set aside and a new trial granted.

"The measure of a physician's legal responsibility has been stated many times by this court. He contracts with his patient that he has the ordinary skill of members of his profession in like situation, that he will exercise ordinary or reasonable care and diligence in his treatment of the case, and that he will use his best judgment in the application of his skill to the case. The physician is not an insurer. He does not warrant favorable results. If he possesses ordinary skill, uses ordinary care, and applies his best judgment, he is not liable even for mistakes in judgment. Medical science is not yet, and probably never can be, in many respects, an exact, certain science." *Coombs* v. *King*, 107 Maine, 376.

But in cases of this nature a duty devolves upon the patient. In an extensive note to be found in the case of *Gillette* v. *Tucker*, 93 Am. St. Rep., at page 662, upon the authority of cases there cited, it is held that it is the duty of a patient to follow the reasonable instructions and submit to the reasonable treatment prescribed by his physician or surgeon. If he fails in his duty, and his negligence directly contributes to the injury, he cannot maintain an action for malpractice against his physician or surgeon, who is also negligent in treating the case.

In the absence of any exceptions to the instructions of the presiding Justice, we must assume that these principles of law were correctly stated to the jury. It is the opinion of the court, however, upon a careful examination of the evidence, that the jury did not give due consideration to that part of the testimony which related to the conduct of the plaintiff and its effect in producing the unfortunate results from which he now suffers. Hence the verdict was so erroneous as to demand an affirmative finding upon the motion of the defendant.

*Motion sustained.*
*New trial granted.*