## MILES v. HARRIS. (No. 8378.)

(Court of Civil Appeals of Texas. Ft. Worth. March 17. 1917. Rehearing Denied April 21, 1917.)

1. APPEAL AND ERROR ⟪⟫742(1) — BRIEFS — ASSIGNMENTS OF ERROR—REQUISITES—SUFFICIENCY.

An assignment of error which does not under the proposition subjoin a statement or reference to the evidence, if any, which raised the issue sought to be submitted or which in any way shows its materiality, is not in accord with the rules for briefing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

2. APPEAL AND ERROR ⟪⟫742(1) — BRIEFS — ASSIGNMENTS OF ERROR—REQUISITES—SUFFICIENCY.

An assignment of error which under the proposition subjoins a statement of the evidence relating largely to the entire case, including evidence as to issues other than the issue sought to be submitted, is not presented in accord with the rules for briefing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

3. APPEAL AND ERROR ⟪⟫724(3) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

In an action for malpractice, an assignment of error, complaining of the court's definition of negligence, which is but a verbal criticism and without substantial merit or prejudicial consequence, will be overruled.

4. TRIAL ⟪⟫352(5)—SUBMISSION OF SPECIAL ISSUES—STATUTE.

In an action for malpractice, various acts of negligence were charged, but the only issue raised was whether the defendant was guilty of negligence which directly and proximately caused a gauze pack to remain in the person of plaintiff's wife longer than it should have remained therein, the submission of a special issue whether defendant was guilty of negligence as alleged was not a violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, which requires that when a case is submitted upon special issues, the issues must be separately stated and submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 841.]

5. PHYSICIANS AND SURGEONS ⟪⟫18(8) — ACTIONS FOR MALPRACTICE—EVIDENCE—SUFFICIENCY.

Evidence *held* not to show that defendant was negligent in advising or performing the operation or inserting the pack complained of.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 43.]

6. TRIAL ⟪⟫350(2)—SPECIAL ISSUES.

The questions whether defendant failed to remove the gauze in time, may have permitted the wound to heal without its removal, may have failed to inform the plaintiff or his wife of its presence in her person at or before her removal from defendant's sanitarium, or that defendant may have failed to advise her family doctor that the gauze had not been removed, are not issues of themselves, but constitute mere evidence of the main fact to be proved, and hence it was not necessary to submit them in the form of special issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828, 832.]

7. APPEAL AND ERROR ⟪⟫1062(1)—REVIEW—PREJUDICIAL ERROR.

Error if any in such issue was not prejudicial when other special issues submitted comprehended substantially all of the issues of negligence alleged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4212.]

8. APPEAL AND ERROR ⟪⟫730(1) — ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error that the court erred in instructing the jury "if you answer Nos. 1, 2, 2a, and 3c in the negative, then you need not answer questions Nos. 4, 5, 6, 7, 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26," considered as an objection to the charge as a whole is too general, as the enumerated issues relate to numerous questions involved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013, 3016.]

9. APPEAL AND ERROR ⟪⟫1064(1)—REVIEW—INSTRUCTIONS.

An instruction that if the jury answered special issues regarding defendant's negligence in the negative they need not answer an issue which inquired whether plaintiff's wife suffered any injury from the gauze left in her person, and an issue as to whether she suffered any injury, was not prejudicial error, since if the defendant was not guilty of negligence in permitting the pack to remain, it cannot be material that plaintiff's wife did in fact suffer from that cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219.]

10. APPEAL AND ERROR ⟪⟫1064(1)—REVIEW—INSTRUCTIONS.

An instruction that if issues submitted referring to defendant's negligence were answered in the negative, not to answer an issue as to

---

whether injuries to plaintiff's wife were the direct and proximate result of any negligence on the part of the defendant during or after the operation, was not prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219.]

11. TRIAL ⊂∞352(1)—SPECIAL ISSUES.

A submitted special issue whether defendant was negligent either in placing the gauze as he did in the person of plaintiff's wife, or in leaving it there during the entire time she was in his sanitarium, or in allowing it to remain as long as it did, was not subject to the objections that it submitted separate and distinct issues of fact, or that it submitted a question of law, or that it submitted a mixed question of law and fact, or that the issues were not separately submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 840.]

12. TRIAL ⊂∞351(5)—SPECIAL ISSUES.

Refusal to submit requested special issues substantially embodied in the issues submitted was not prejudicial error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 834.]

13. PHYSICIANS AND SURGEONS ⊂∞18(8)—ACTION FOR MALPRACTICE—EVIDENCE—SUFFICIENCY.

Evidence held to sustain a verdict for defendant and negative answers to special issues submitting questions of defendant's negligence upon which the verdict was based.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 43.]

14. PHYSICIANS AND SURGEONS ⊂∞15—RIGHT OF PATIENT TO DISMISS PHYSICIAN—SUBSEQUENT LIABILITY OF PHYSICIAN.

As a patient may at any time discharge or dismiss his physician, and from that moment the physician is relieved from responsibility, defendant was not under any duty to follow the plaintiff's wife after she left his sanitarium against his wishes, and was not further liable for the due care of her wound.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 32.]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Suit by B. F. Miles against Charles H. Harris. Judgment for defendant, and plaintiff appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, and Jo W. Burney, of Ft. Worth, for appellant. McLean, Scott & McLean and Capps, Cantey, Hanger & Short, all of Ft. Worth, for appellee.

CONNER, C. J. B. F. Miles instituted this suit to recover damages resulting from alleged negligence in a surgical operation performed by Dr. C. H. Harris upon the person of Mrs. May Miles, the plaintiff's wife, on the 25th day of November, 1912. Among other things, it was alleged that the operation was in the abdominal region of the person of the plaintiff's wife, and that during the operation the defendant placed in the abdominal cavity "some kind of gauze packing," and "negligently and carelessly and unskillfully left and permitted a large amount of said gauze packing to remain in plaintiff's wife's said person and body, and with gross negli-

gence and carelessness failed to remove the said gauze packing from the person and body of the plaintiff's wife, and caused the plaintiff and his said wife to suffer the injuries and damage, as hereinafter alleged." It was further specifically alleged that the defendant was guilty of "gross and inexcusable negligence in the manner in which the said defendant placed said gauze pack in the body and person of the plaintiff's wife," and "in not removing said gauze pack from the body and person of the plaintiff's said wife," and "in permitting plaintiff's wife to leave" the defendant's sanitarium "with the said gauze pack in her body and person in the manner in which it had been placed and left therein," and "in not informing the plaintiff and his said wife, or either of them, of the existence of said gauze pack in the body and person of plaintiff's said wife before she left said sanitarium," and "in not informing plaintiff and his said wife, or either of them, of the existence of said gauze pack in the body and person of the plaintiff's said wife after she left said sanitarium," and "in not informing the family physician of the plaintiff and his said wife, Dr. C. H. McCollum, of Hico, Tex., of the fact that he had so left said gauze pack in the body and person of the plaintiff's said wife," and "in not placing said gauze pack in the body and person of the plaintiff's said wife at the time of said operation in such way that same could be easily observed under the usual and ordinary examinations made by competent and careful physicians after such operations," and "in informing the plaintiff and his said wife the plaintiff's said wife was in proper condition to leave said sanitarium," and in not giving plaintiff nor his said wife proper instructions as to necessary subsequent treatment after leaving said sanitarium.

The plaintiff's further allegations related to the consequent injuries to his wife and to the loss of her services and decreased capacity on her part to work and to labor and to mental pain and physical suffering on her part; the expenses of necessary treatment, etc.

The defendant filed general and specific denials, and specially averred that the operation upon Mrs. Miles was of a serious character, she being at the time in a precarious and dangerous condition; that in order to stop the excessive loss of blood, appellee was required to and did insert a gauze pack in her body; that the operation was a successful one, and that appellant's wife began to recover; that later defendant, upon being informed by the plaintiff that he intended taking Mrs. Miles home, objected to the plaintiff's doing so, informing plaintiff at the time of the presence of the gauze pack in the body of Mrs. Miles, and that she was not in a condition to be removed, and that serious consequences would most probably and likely at-

tend upon such action; that notwithstanding the defendant's objections, the plaintiff, during the defendant's absence, did remove his wife from the sanitarium and take her home, a distance of about 100 miles; that at said time appellant's wife still had fever and that the gauze pack had not been removed from her person, because to have done so would have been dangerous; that said gauze pack would have been removed by the defendant just as soon as was proper had the plaintiff not taken his wife away; that after leaving the sanitarium the defendant was never consulted with further; that the operation upon and treatment of Mrs. Miles was necessary and proper, etc.

The case was submitted to a jury upon special issues, which, so far as necessary to here notice, together with the jury's answers thereto, are as follows:

"Special issue No. 1: Was the defendant, Chas. H. Harris, guilty of negligence, as alleged in plaintiff's petition, which directly and proximately caused the gauze packing to remain in the person of plaintiff's wife longer than it should have remained therein? Answer of the jury: No.

"Special issue No. 2: Was the defendant, Chas. H. Harris, guilty of negligence in the manner in which he placed the gauze packing in the person of plaintiff's wife that directly and proximately caused the physicians treating plaintiff's wife, after such operation, not to discover the existence of said gauze packing if they did not fail to discover same? Answer of the jury: No.

"Special issue No. 2a: Was the defendant, Chas. H. Harris, guilty of negligence in not informing Dr. C. H. McCollum of Hico, Tex., that the gauze pack was still in the body and the person of plaintiff's wife, May Miles, when she left the sanitarium? Answer of the jury: No.

"Special issue No. 2b: Did the defendant, Chas. H. Harris, at the time of the operation, place the gauze pack in the body and person of plaintiff's wife, May Miles, in such a way that the same could not be observed under the usual and ordinary examination made by an ordinarily careful physician in treating the patient after the operation? Answer of the jury: No.

"Special issue No. 2c: If you answer 'Yes' to the foregoing question, then you will answer whether or not said Chas. H. Harris was guilty of negligence in so leaving same. Answer of the jury: No.

"Special issue No. 3: Did the gauze packing remain in the person of May Miles, wife of the plaintiff, longer than it should have remained therein? Answer of the jury: Yes.

"Special issue No. 10: ·At the time May Miles left the Harris Sanitarium did she know of the existence of any gauze pack in her body or person? Answer of the jury: No.

"Special issue No. 11: Did the defendant, Chas. H. Harris, know that plaintiff and his said wife would return to Hico, Tex., after the operation, and that they would consult Dr. J. H. McCollum, of Hico, Tex., and have him attend on the said May Miles as a physician? Answer of the jury: Yes.

"Special issue No. 12: At the time May Miles left the Harris Sanitarium did her husband, B. F. Miles, know of the existence of any gauze pack in the body of the said May Miles? Answer of the jury: Yes.

"Special issue No. 13: Did the defendant, Chas. H. Harris, inform plaintiff's wife, May Miles, in substance that she was in proper condition to leave said sanitarium before plaintiff's wife left same? Answer of the jury: No.

"Special issue No. 14: Did the defendant, Chas. H. Harris, inform plaintiff, B. F. Miles, in substance, that his wife, May Miles, was in proper condition to leave said sanitarium before plaintiff's said wife left same? Answer of the jury: No.

"Special issue No. 27: Did the defendant, Chas. H. Harris, inform May Miles that the gauze pack was in her person, and that it would not be proper for him to remove her from the sanitarium? Answer of the jury: Yes.

"Special issue No. 28: Did May Miles, the plaintiff's wife, leave the Harris Sanitarium relying upon any statement of the defendant, Chas. H. Harris, in substance, that it was proper for her to leave for home? Answer of the jury: No.

"Special issue No. 29: Did the plaintiff take his wife away from the Harris Sanitarium with the consent of the defendant, Chas. H. Harris? Answer of the jury: No.

"Special issue No. 30: Did the defendant, Chas. H. Harris, inform the plaintiff before he took his wife away from the Harris Sanitarium that there was yet a gauze packing in the person of plaintiff's wife? Answer of the jury: Yes.

"Special issue No. 31: Did the defendant inform the plaintiff before he took his wife away from the Harris Sanitarium that the plaintiff's wife had fever? Answer of the jury: Yes.

"Special issue No. 32: Did the defendant, Chas. H. Harris, inform the plaintiff, B. F. Miles, before he took his wife away from the said sanitarium, that it was improper to take her away from same? Answer of the jury: Yes.

"Special issue No. 33: Was the defendant, Chas. H. Harris, the cause of the gauze packing remaining in the person of the plaintiff's said wife as long as it did? Answer of the jury: No.

"Special issue No. 34: Was the defendant, Chas. H. Harris, guilty of negligence, as that term is heretofore defined, in any of the following respects:

"(a) In placing the gauze as he did in the person of plaintiff's wife? Answer of the jury: No.

"(b) In leaving the gauze in the person of plaintiff's said wife during the entire time she was· in the defendant Dr. Harris' Sanitarium? Answer of the jury: No.

"(c) Was the · defendant, Chas. H. Harris, guilty of negligence in said gauze remaining in the person of plaintiff's said wife as long as it did? Answer of the jury: No."

Upon the above answers of the jury judgment was entered for the defendant, and the plaintiff has appealed.

Appellant presents 36 formal assignments of error, to a number of which appellee has filed objections, and in order that silence on our part may not be construed as overruling all of the objections, we deem it proper to say before entering upon a discussion of the case that a number of such objections are undoubtedly well taken. To illustrate, the twelfth assignment, with its accompanying propositions and statement, is as follows:

"Because the court erred in' refusing to submit the following special issue in writing requested by the plaintiff herein, to wit: 'If you answer "Yes" to the foregoing question, then you will answer whether or not the said Charles H. Harris was guilty of negligence in so leaving same in such a way that same could not be easily observed under the usual and ordinary examination made by competent and careful physicians after such operation,' because: (1) Said special issue was ·raised by the pleadings

of the plaintiff herein and supported by the evidence herein. (2) Was one of the material issues necessary to be found by the jury to authorize a judgment.

"Proposition No. 1: This assignment being a proposition within itself is urged as proposition No. 1 under this assignment.

"Statement: The special issues requested and the objections duly made in writing to the refusal of the court to give same are correctly set out in the assignment as is fully shown by the bill of exception No. 2.

"Proposition No. 2: The issue requested was a material issue in the case, arising under the pleadings and evidence, and should have been submitted by the court.

"Statement: Same as under proposition No. 1 of this assignment."

[1, 2] It seems manifest that this assignment is not presented in accord with the rules for briefing. To neither proposition is there subjoined a statement of, or reference to, the evidence, if any, which raised the issue sought to be submitted, or which in any way shows its materiality. Under the assignment immediately preceding, which also goes to the action of the court in refusing to submit a requested issue, the statement, after showing that the action of the court had been duly excepted to, is as follows:

"For additional statement under this proposition, appellant adopts statement under proposition No. 1, second assignment of error."

The statement referred to in the quotation covers pages 8 to 52, inclusive, of appellant's brief, and consists of the evidence relating largely to the entire case, including the condition of the plaintiff's wife rendering the operation necessary, the manner of performing the operation, the circumstances attending the removal of Mrs. Miles from the sanitarium, the progress of her trouble, what the local physician did and advised on her return home, the time and value of the plaintiff's services in waiting on his wife, the expense in the way of physicians' fees, the circumstances relating to a later removal of plaintiff's wife to the coast country, the time and rate of compensation of the plaintiff's employment while in the coast region attending his wife, the treatment and final discovery of the hidden gauze by the coast physician, the mental and physical pain suffered by the wife, the final consequences of all the wrongs complained of, etc. Such want of statement and such all-embracing statements have been many times condemned. See Harris' Annotated Rules, 31; Laird v. Murray, 111 S. W. 780; Gilmer v. Veatch, 56 Tex. Civ. App. 511, 121 S. W. 545; Bynum v. Hobbs, 56 Tex. Civ. App. 557, 121 S. W. 900; F. W. & D. C. Ry. Co. v. Keeran, 149 S. W. 355; Moore v. Miller, 155 S. W. 573; G., C. & S. F. Ry. Co. v. Harbison, 88 S. W. 452; I. & G. N. Ry. Co. v. Jones, 175 S. W. 488.

Without further notice, however, of the many objections to appellant's assignments of error, we will endeavor to so dispose of the appeal as not to deprive either litigant of any substantial right.

[3] Appellant's first assignment complains of the court's definition of negligence, but the objection, we think, amounts to but little, if anything, more than a verbal criticism, which, so far as we can perceive, is without substantial merit or prejudicial consequence. That assignment, therefore, will be overruled without discussion.

[4] Appellant's second assignment is made the basis of many of the contentions presented on this appeal. It urges error on the part of the court in submitting special issue No. 1, which has been hereinbefore quoted, and which, therefore, need not be here set out. The objections are several, but all material objections are, substantially, embraced in the first, which is that the issue as submitted is "in violation of the statute in that each of the issues of negligence involved in the gauze pack remaining in the person of plaintiff's wife longer than it should have remained therein should be distinctly and separately submitted." It is contended, in substance, that each of the special averments of negligence on the part of Dr. Harris, as stated by us in the beginning, are separate issues, which should have been severally presented in the forms alleged, but after a careful consideration we think the assignment of error must be overruled.

Article 1984A, Vernon's Sayles' Texas Civil Statutes, requires that when a case is submitted to a jury upon special issues, the issues must be separately stated and submitted, but we incline to the view that the issue now under consideration is not in violation of this statute, and that it presents, substantially, the only issue on the subject of appellant's negligence that the evidence made necessary. Dr. Harris testified to the effect that the operation was necessary; that he made the usual preparations for an abdominal operation; that there was an unusual flow of blood, the trouble being in an abdominal vein which was incised; and that in order to stop the excessive flow of blood which otherwise would have resulted fatally, he inserted a piece of iodoform gauze and packed the wound so that by compression the vein could be held and kept from bleeding. He testified that a portion of the pack had been left protruding for the purpose of removal at the proper time. Dr. McCollum, who was the attending physician upon plaintiff's wife at their home in Hico, attended Mrs. Miles and was present during the operation. He testified that Dr. Harris made all the usual preparations for an abdominal operation; that Dr. Harris opened the abdomen and drained a small abscess in what was called the left broad ligament. He further said:

"I do not know how long she would have lived in that condition, but not long, and I knew of no way to relieve that condition except by an operation. I have seen this operation performed both in Europe and in America, and I looked upon it as performed by Dr. Harris as one of the most classy operations I had ever seen performed in either Europe or America. * * *"

[5, 6] Dr. Clay Johnson, a well-known physician and surgeon of Ft. Worth. was also called upon to testify as to the proper methods of such an operation as was performed upon plaintiff's wife. His testimony will not be set out, but the effect of it was that the operation as detailed by Dr. Harris and Dr. McCollum was the usual and proper one. No material contradiction of the evidence thus referred to seems presented by the record. It can therefore scarcely be reasonably contended that the evidence presents an issue of negligence on Dr. Harris' part, either in advising or performing the operation, or in inserting the pack complained of. So that, as already stated, it would seem that about the only material issue necessary for submission was the issue of whether Dr. Harris was guilty of negligence which directly and proximately caused the gauze pack to remain in the person of the plaintiff's wife longer than it should have remained therein. That Dr. Harris may, as appellant insists, have failed to remove the gauze in time may have permitted the abdominal wound to heal without its removal; may have failed to inform the plaintiff or his wife of its presence in the body of Mrs. Miles at and before her removal from the sanitarium; that Dr. Harris may have failed to advise Dr. McCollum that the gauze had not been removed—all seem to constitute circumstances merely from which to infer negligence which resulted in the gauze remaining in the person of Mrs. Miles longer than it should. They are not, as it seems to us, issues of themselves, but constitute mere evidences of the main fact to be proved, and hence not necessary to submit them in the form of special issues.

[7] If, however, we are mistaken in the view expressed and that issue No. 1 under the evidence should be construed as multifarious and in violation of the statute referred to, it must yet be said that the issue is substantially in the language of appellant's general allegation of negligence. In addition to which, following the submission of special issue No. 1, special issues Nos. 2, 2a, 2b, 2c, 3, 10, 11, 12, 13, 14, 27 to 34 inclusive, were also submitted, as hereinbefore set out. An examination of these subsequent special issues will show that they comprehend substantially all of the special issues of negligence alleged. The error, therefore, if any, in special issue No. 1, can hardly be said to be prejudicial.

The court instructed the jury that:

"If you answer Nos. 1, 2, 2a, and 2c in the negative, then you need not answer questions Nos. 4, 5, 6, 7, 8, 9, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26."

[8, 9] And appellant insists that the court erred in so instructing the jury, and particularly erred in directing that special issues Nos. 4 and 5 be disregarded. We fail to find error in these particulars. Considered as an objection to the charge as a whole, it is apparent that the assignment is too general; the enumerated issues relating as they do to numerous questions involved in the case, as for instance, whether the attendance of Dr. McCollum was necessary after the operation, what was the reasonable value of the services of Dr. McCollum, whether the attendance of Dr. G. W. Johnson, the coast physician, was rendered necessary by reason of the guaze having been left in the person of plaintiff's wife, what was the reasonable value of the services of Dr. Johnson, whether the attendance of the plaintiff upon his wife was necessary, and the reasonable value of his time while so attending upon his wife, whether the plaintiff lost the services of his wife by reason of the gauze packing remaining in her person and the reasonable value of the loss of such services, whether Mrs. Miles suffered any decreased capacity to render services in the future, what would be reasonable compensation for such decreased capacity, etc. And considered with reference to special issues 4 and 5, nothing of a prejudicial nature is developed. Issue No. 4 merely inquired whether plaintiff's wife suffered any injury directly and proximately caused by the gauze remaining in her person, and issue No. 5 sought to elicit an answer of the jury to the question of whether May Miles suffered any injuries, and, if so, whether such injuries were the direct and proximate result of any negligence on the part of the defendant during or after the operation.

[10] If the defendant, Dr. Harris, was not guilty of negligence in permitting the gauze pack to remain in the person of Mrs. Miles as the jury found, it cannot be material in this case that Mrs. Miles did suffer from that cause, for in such case he at least cannot be legally bound to respond in damages, and in so far as the inquiry of special issue No. 5 relates to the question of whether defendant was negligent during or after the operation, those inquiries in several forms are sufficiently comprehended within the issues that were submitted, and were answered by the jury.

[11, 12] A number of objections are made to issues as submitted. For instance, it is insisted that special issue No. 34 was erroneous in that it submitted separate and distinct issues of fact, in that it submitted a question of law, in that it submitted a mixed question of law and fact, and in that the issues were not separately submitted, but we find no error in the particulars specified. Nor do we find error in the action of the court in refusing special issues, as urged in the eleventh to eighteenth assignments of error, inclusive. We think the issues submitted, while in instances worded differently from those requested, substantially embody all the material issues in the case, and that appellant suffered no injury because of the refusal to submit any of the rejected charges.

[13, 14] In the twentieth, twenty-first, twenty-second, twenty-third, thirty-fourth, and thirty-fifth assignments of error the verdict and judgment generally is assailed as unsupported by the evidence, and the several special findings of the jury are, for like reasons, assailed in assignments 35 and 27 to 33, inclusive. But all of these assignments have been carefully considered, and we think must be overruled. The evidence is voluminous, and we cannot set it out within reasonable limits. Appellee's evidence is to the effect, however, as already shown, that Dr. Harris performed the operation upon plaintiff's wife in the usual way; that the insertion of the gauze pack was necessary; that several days after the operation Dr. Harris attempted to remove the gauze pack, but the removal created or again started a dangerous flow of blood, which, under such circumstances as shown by the testimony, made it necessary to desist; that plaintiff removed his wife from the defendant's sanitarium without Dr. Harris' consent, and over his objection during his temporary absence. Dr. Harris and the attendant physician and nurse all specifically testified to this fact, and further that the plaintiff was then informed that the pack had not been removed because of which, and because of the presence of fever, it would be dangerous to remove the patient. The evidence further seems uncontradicted that Dr. McCollum knew that the gauze had been placed in the wound, and that upon a return of plaintiff's wife to Hico, he suspicioned its presence, but relied wholly upon the assurance of plaintiff and his wife that it had been abstracted. That there was evidence in behalf of appellant of contrary import upon one or more of the submitted issues cannot alter the conclusion. Such evidence merely presented a conflict, which it was the function of the jury to determine. Under such circumstances and under the findings of the jury, we know of no rule that made it the duty of Dr. Harris to follow the patient and be further liable for the due care of her wound. See Kendall v. Brown, 74 Ill. 232; Lawson v. Conaway, 37 W. Va. 159, 16 S. E. 564, 18 L. R. A. 627, 38 Am. St. Rep. 17; Dashiell v. Griffith, 84 Md. 363, 35 Atl. 1094; Miller v. Blackburn, 170 Ky. 263, 185 S. W. 864, 866; Merrill v. Odiorne, 113 Me. 424, 94 Atl. 753. In the case of Lawson v. Conaway, supra, it was said, among other things, that:

"All of the authorities admit that the patient may at any time discharge or dismiss his physician, and from that moment such physician is relieved from responsibility. It would be very strange if the law were otherwise."

We conclude that the evidence sustains the verdict of the jury, and that the court committed no error in entering judgment for the defendant thereon, and that all assignments of error should be overruled, and the judgment affirmed.