**SAMPLE v. DRAKE et al.   (No. 7931.)**

(Court of Civil Appeals of Texas. Galveston. June 24, 1920. Rehearing Denied Oct. 7, 1920.)

**1. Appeal and error ⟨⟩733—Assigning error to judgment for defendant on pleading and evidence is too general.**

An assignment that the court erred in holding that defendants were entitled to judgment on the pleadings and evidence, since such pleadings and evidence were sufficient to entitle plaintiff to judgment, is too general to require consideration on appeal.

**2. Appeal and error ⟨⟩742(1)—A conclusion not a sufficient statement in support of assignment.**

A statement in support of an assignment of error that the petition shows clearly the relief sought and the evidence shows clearly plaintiff's right to the relief is only a conclusion of appellant, and not sufficient statement to comply with the requirement of Court of Civil Appeals, rule 31 (142 S. W. xiii).

Appeal from District Court, Jackson County.

Action by S. G. Sample, as trustee, against Mrs. W. L. Drake and others. Judgment for defendants, and plaintiff appeals. Affirmed.

McCrory & Vance, of Edna, for appellant. Fly & Ragsdale, of Victoria, for appellees.

PLEASANTS, C. J. This suit was brought by appellant as trustee of the bankrupt estate of Lewis K. Lancaster against the ap-

pellees, Mrs. W. L. Drake and husband, W. B. Drake, and Mrs. L. E. Lancaster and husband, W. H. Lancaster, to recover title and possession of 90.3 acres of land known as lot No. 1 of the A. H. Bartel survey in Jackson county, and fully described by metes and bounds in plaintiff's petition, and to remove, as cloud upon plaintiff's title, a lien asserted by defendant Mrs. Drake and evidenced by a deed of trust of record in the deed of trust records of Jackson county, executed by Lewis K. Lancaster to secure Mrs. Drake in the payment of a note of $1,250 executed by Lewis K. Lancaster in favor of Mrs. Drake.

The validity of Mrs. Drake's lien upon the property is attacked upon the ground that the defendants Mrs. L. E. Lancaster and her husband, W. H. Lancaster, are primarily liable to Mrs. Drake for the payment of said note for $1,250, which it is alleged is secured by a lien on a tract of 160 acres of land in Wharton county conveyed to said defendants by Lewis K. Lancaster, and that the deed of trust upon the land involved in this suit executed by the said Lewis K. Lancaster to secure said $1,250 note was void because it was executed in fraud of creditors and for the purpose of hindering and delaying the creditors of said Lewis K. Lancaster.

The answers of the defendants denied the material allegations of the petition and set up other matters of defense, the nature of which need not be stated.

The trial in the court below without a jury resulted in a judgment in favor of defendants.

The only assignment of error presented in appellant's brief and the proposition and statement thereunder are as follows:

"The court erred herein in holding that the defendants were entitled to judgment on the pleadings and evidence introduced in this cause, and he says that said pleadings and evidence were sufficient to entitle this plaintiff to have judgment establishing the indebtedness represented by the $1,250 note secured by deed of trust in favor of Mrs. W. L. Drake, executed by Lewis K. Lancaster, dated August 15, 1916, and recorded in Volume O, page 288, Mortgage Records of Jackson County, Tex., as a secondary liability of this plaintiff and as a primary liability of the defendants Mrs. L. E. Lancaster and W. H. Lancaster, as between this plaintiff and said Mrs. L. E. Lancaster and W. H. Lancaster, and declaring said indebtedness the primary obligation against the Wharton county land set out in plaintiff's petition and as secondary obligation against the 90.3 acres of Jackson county land belonging to the estate of Lewis K. Lancaster.

"Proposition.

"Where the records of the county in which land owned by plaintiff is located shows that certain indebtedness of about $1,250 is primarily secured by that land and is a primary obligation of plaintiff, when in fact other land, and defendants, who are the owners thereof, are as between plaintiff and said defendants primarily liable for said indebtedness, then plaintiff is entitled to have an adjudication of said fact in his favor where the evidence is sufficient, and all parties are before the court, to the end that the cloud upon his title may be removed.

"Statement.

"The petition in this case shows clearly the relief sought by appellant. The evidence shows clearly that as between plaintiff and the defendants Mrs. L. E. Lancaster and W. H. Lancaster that said Mrs. L. E. Lancaster and W. H. Lancaster are primarily liable for the $1,250 indebtedness described in plaintiff's petition, and that as between plaintiff and said defendants said indebtedness is primarily secured by land belonging to said defendants in Wharton county, Tex., and is a primary lien on said land and a secondary lien on Jackson county land belonging to plaintiff."

[1] This assignment is too general to entitle it to consideration. It charges that the court erred in rendering judgment for the defendants because the pleadings and evidence were sufficient to entitle plaintiff to a judgment. The pleadings and evidence in many, if not most, contested cases are sufficient to authorize a judgment for either party, and the case must be decided upon the weight and preponderance of the evidence, and the finding of the jury or the trial court upon this issue cannot be disturbed unless such finding is without any evidence to support it, or is so against the great weight of the evidence as to produce in the mind of the appellate court the conviction that it is clearly wrong.

It is too well settled to require citation of authorities that assignments which complain of a verdict or judgment on the ground that it is contrary to the evidence are too general to be considered, and this assignment is no more definite in pointing out the error attempted to be shown.

[2] If the assignment was sufficient in pointing out the error complained of, it would not be entitled to consideration, because it is not followed by a supporting statement from the record, as required by rule 31 for the Courts of Civil Appeals (142 S. W. xiii).

The statement following this assignment is only a conclusion of the appellant, and is in no sense a compliance with the rule. Parrish v. Nelson, 49 Tex. Civ. App. 559, 108 S. W. 1190; Laird v. Murray, 111 S. W. 782; Gilmer's Heirs v. Veatch, 56 Tex. Civ. App. 511, 121 S. W. 545.

If we could consider the assignment over the objection urged by the appellees, an examination of the record discloses that the judgment is amply sustained by the evidence.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.