## HAMILTON v. WILLIAMS et al.
### No. 4698.

Court of Civil Appeals of Texas. Texarkana.
March 7, 1935.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Fred V. Hughes, of Tyler, and Edwin Lacy and Geo. Prendergast, both of Longview, for appellees.

HALL, Justice.

This is an appeal from an order of the district court of Gregg county overruling the plea of privilege of appellant. Appellees instituted suit in the district court of Gregg county against appellant, and certain officers not appealing, alleging that appellant and said officers willfully, unlawfully, and without warrant, and wholly without any excuse and justification, went into the private residence of appellees and caused their arrest and restraint, and made criminal charges against them. Appellees alleged, further, that appellant Hamilton instituted the proceedings against them and took the officers to the premises of appellees and actively participated in and directed their unlawful acts and trespasses, all of which occurred in the city of Longview, Gregg county, Tex. Appellees brought suit to recover both actual and exemplary damages against appellant and officers.

Upon request the trial court filed findings of fact and conclusions of law, which are as follows:

"I find that on or about the 16th day of August, 1933, the defendants, H. M. Alexander and C. H. Plott, accompanied by the defendant A. D. Hamilton, did commit a wilful trespass upon the property of the plaintiff, and that said trespass was committed in the City of Longview, Gregg County, Texas. I find that the defendant A. D. Hamilton was the moving cause for the trespass to be committed in that he obtained the information, though the same was erroneous, and conveyed the information to the defendants C. H. Plott and H. M. Alexander, and requested the said C. H. Plott and H. M. Alexander to go to the residence of the plaintiff and make the unlawful search and arrest. That said A. D. Hamilton went upon the property of the plaintiff and caused the other defendants to go upon said property, and caused the other defendants to make the unlawful arrest and search of said premises, and that said crime or trespass was committed in the City of Longview, Gregg County, Texas.

"I further find that the defendants H. M. Alexander and C. H. Plott, having heretofore been served with citation and having answered herein, and plaintiffs having alleged their residence to be in Gregg County, Texas, and said defendants having answered, said cause

is ready for trial in this court as to the defendants Commercial Credit Company, C. H. Plott and H. M. Alexander, and that this suit is maintainable in Gregg County, Texas, against the defendants C. H. Plott, H. M. Alexander and Commercial Credit Company.

"I further find that the defendants C. H. Plott, H. M. Alexander and A. D. Hamilton acted jointly in going to and upon the property of the plaintiff and in making the unlawful arrest and search of said premises.

"I further find that at the time plaintiff's cause of action accrued and at the time of the institution of this suit and the service of process herein, the defendant A. D. Hamilton was a single man and resided in East Texas and did not reside in Dallas County, Texas.

"The defendant Commercial Credit Company is a foreign corporation and has heretofore answered in this cause, and said cause stands on this docket ready for trial as to Commercial Credit Company.

"Conclusions of Law.

"The defendants having acted together and each having committed a crime or trespass in Gregg County, Texas, and two of the defendants residing in Gregg County, Texas, or having answered in this cause, the court is of opinion that this cause is maintainable against the defendant A. D. Hamilton in Gregg County, Texas, by reason of subdivisions 4, 9, and 29a to Article 1995 of the Vernon's Ann. Civil Statutes of the State of Texas.

"Will C. Hurst, Judge of the 124th Judicial District Court of Gregg County, Texas."

The appellant in his brief sets forth three propositions, in their character partaking both of assignments of error and propositions of law, neither of which are supported by any statement of the record as required by rule 31 for Courts of Civil Appeals, and for that reason they will not be considered by this court. In the case of Childress v. Robinson (Tex. Civ. App.) 161 S. W. 78, 81, Judge Reese, speaking for the court, after setting out rule 31, says: "This language seems plain enough and seems impossible of being misunderstood, and it has been expounded and reexpounded by decisions without number of the Supreme Court and the Courts of Civil Appeals. In the light of the provisions of these rules, which have the force and effect of statutes, not being in conflict with any legislative act (article 947, Sayles' Civil Statutes), none of the assignments of error presented in appellants' brief can properly

be considered. Appellee has a right to have the brief prepared with some regard to the rules, and has by timely objections invoked such right; but the court might very well, on its own motion, refuse to consider assignments of error prepared without regard to the rules referred to. We cannot look to the printed argument to supply vital defects in the brief."

Other cases to the same effect are Laird v. Murray (Tex. Civ. App.) 111 S. W. 780; Gilmer's Heirs v. Veatch, 56 Tex. Civ. App. 511, 121 S. W. 545; Tolar v. South Texas Dev. Co. (Tex. Civ. App.) 153 S. W. 911; Willett v. Herrin (Tex. Civ. App.) 161 S. W. 26; Brown v. Dallas Gas Co. (Tex. Civ. App.) 42 S.W.(2d) 869.

We have searched this record for fundamental error, and, finding none, the judgment of the trial court will be in all things affirmed, and it is so ordered.