Thomas L. **WALLES et al., Appellants,**

v.

**Gloria Jane Ford HEMNESS, Appellee.**

No. 18268.

Court of Civil Appeals of Texas, Fort Worth.

June 5, 1980.

Trickey & Trickey, and Richard Trickey, Forth Worth, for appellants.

Adams, Mims & Vorpahl, and Carl David Adams, Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

The appeal is by defendants Thomas L. and Charlotte W. Walles and Forest Hill State Bank from a summary judgment rendered in behalf of plaintiff Gloria Jane Ford Hemness in her suit in trespass to try title to Lots 2 and 3, Gay Daughters Addi-

tion to the town of Kennedale in Tarrant County.

We affirm.

At material times prior to February 14, 1977, plaintiff claimed that she was vested with fee simple title to the lots in question, and that on said date the defendants entered and deprived her of her right to possession. The fact is that the defendants' claim to title was by and through the plaintiff. Their claim is based on an instrument denominated and purporting to be the plaintiff's July 24, 1962 power of attorney to Jack B. Moore on the strength of which Moore, acting by the purported authority of said power of attorney, executed a warranty deed to Vivian Bedell Moore, Trustee, on October 20, 1976. In turn, Vivian Bedell Moore, Trustee, deeded the same property on February 14, 1977 to Thomas L. and Charlotte W. Walles, with the simultaneous execution by these grantees of a deed of trust in favor of the Forest Hill State Bank.

■ For purposes of summary judgment we may take as having been established by evidence that execution of the power of attorney on July 24, 1962 was by plaintiff at a time when she was a married woman; that she was not joined by her husband at time of such execution; that though she appeared before a notary public who took her oath thereunto as "SUBSCRIBED and SWORN TO before me," etc., her husband (accepted for purpose of summary judgment tests) did not appear nor sign the instrument nor make oath thereto or acknowledgment thereof; and that there was not any married woman's acknowledgment. The state of the law as of the material time (July 24, 1962) was such that the failure of a married woman to have a married woman's privy acknowledgment and joinder of her husband rendered the instrument of power of attorney an absolute nullity and void as a matter of law.

At the material time, and indeed to its repeal effective January 1, 1968, Tex.Rev. Civ.Stat.Ann. art. 6605, "Acknowledgement of married woman", was effective and provided that the absence of proper acknowledgment of a married woman to any conveyance or other instrument to be executed by her, unless shown to her and then and there fully explained by an officer taking the acknowledgment on an examination privily and apart from her husband, rendered the transaction void. A power of attorney was an instrument to which this article had application. *Humble Oil & Refining Co. v. Downey*, 143 Tex. 171, 183 S.W.2d 426 (1944).

For the reason that the purported power of attorney was void from the beginning, with nothing curative shown in resistance to plaintiff's motion for summary judgment by which it could have become validated or effective by the time of the deed executed February 14, 1977 (on the strength thereof), there would be no error in the judgment.

■ Furthermore, approaching the question by a different method, the propriety of summary judgment would be established for another reason. By plaintiff's summary judgment evidence she showed, and it was not controverted, that her marriage did not take place until January 2, 1963, approximately 5 months subsequent to the date shown on the power of attorney. Under these circumstances—as of the material times and because nothing curative of the defect was shown—the antecedent power of attorney at all subsequent times stood as revoked and without force and effect from January 2, 1963 when plaintiff married. There would be no error in the judgment because there existed no agency authority by the power of attorney when the property was purportedly sold on the strength thereof on February 14, 1977. See 2 Tex.Jur.2d, p. 452, "Agency", § 16, "Termination by operation of law—Marriage of principal"; *Scroggins v. Meredith*, 131 S.W.2d 195 (Tex. Civ.App.—Beaumont 1939, no writ); *Gilmer v. Veatch*, 56 Tex.Civ.App. 511, 121 S.W. 545 (1909, writ ref'd).

Judgment is affirmed.