McCARTHY v. HARVARD DENTAL PARLORS et al.

(Supreme Court, Appellate Term.    February 24, 1910.)

PHYSICIANS AND SURGEONS (§ 18*)—CARE REQUIRED—MALPRACTICE—EVIDENCE.
  Evidence that plaintiff went to defendants' office to have a tooth extracted, that she suffered severely therefrom, that after extraction, she was compelled to revisit the dentist for treatment, and at a later period a physician was called, without any evidence that the extraction was negligent or unskillful, was insufficient to sustain an action against the dentist for malpractice; the burden being on plaintiff to show that defendants failed to use that degree of skill and knowledge which the law required of them.
  [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 39, 43; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Alice McCarthy, a minor, by Kate McCarthy, her guardian ad litem, against the Harvard Dental Parlors and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Abraham S. Schomer, for appellants.

J. Wilson Bryant, for respondent.

GUY, J. Action is brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the alleged negligence of the defendants. The plaintiff called at the office of the defendants to have a tooth extracted. Plaintiff testified that, as a result of the careless manner in which the extraction was made, the plaintiff's jaw became affected, and as a result she suffered great pain and injury, and was compelled to submit to a surgical operation.

A motion was made at the end of the plaintiff's case to dismiss, on the ground that the plaintiff had not established a cause of action. This motion should have been granted. There is no proof in the case, other than the mere statement of the plaintiff, that the extraction of the tooth was made in a negligent or unskillful manner. No medical evidence of any sort was introduced. To entitle plaintiff to recover, she must show that the defendants failed to use that degree of professional skill or knowledge which the law requires of them. Nothing is shown in this case, except that the plaintiff suffered severely, was compelled to revisit the dentist for subsequent treatment, and that at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

some later period a physician was called in. This does not establish defendants' negligence.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.