IONE FLANAGAN, Appellant, v. DONALD E. SMITH, Appellee.

**PHYSICIANS AND SURGEONS:** Negligence or Malpractice. In an action against a dentist for negligence in treating a patient, evidence held to justify the directed verdict for defendant.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

FEBRUARY 12, 1924.

ACTION at law, for damages for malpractice. The defendant
is a practicing dentist, and the plaintiff became his patient. He
performed an operation of dental surgery, in that he removed an
impacted wisdom tooth. Infection resulted, from which the
patient suffered very grave consequences. At the close of plain-
tiff's evidence, there was a directed verdict for the defendant,
and the plaintiff appeals.—*Affirmed.*

*Free & Pickus* and *Guy J. Tomlinson,* for appellant.

*Snyder, Gleysteen, Purdy & Harper,* for appellee.

EVANS, J.—In August, 1919, the defendant, a practicing
dentist in Sioux City, removed for the plaintiff what is known
as an impacted tooth. The condition to be remedied was a seri-
ous one, and required a surgical major operation. The resulting
wound became infected. As a result of the infection, necrosis of
the jaw bone occurred, which resulted in grave permanent in-
jury and in great pain and suffering and much expense to the
plaintiff. The greater volume of the evidence is devoted to the
extent and gravity of the injury suffered by the plaintiff. This
proof is abundant to warrant very substantial damages, if she
is entitled to recover at all. The burden was upon the plaintiff
to prove some negligence of the defendant as a dentist which
operated as the proximate cause of the infection complained of.
The nature of the injury is such as to carry the question outside
of the range of nonexpert opinion and judgment, except as the
same may be properly aided by expert information and judg-
ment. Generally speaking, it was incumbent upon her to show
that the defendant in some respect failed to respond to standard
requirements of his profession in the practice. The deficiency of
evidence which resulted in a directed verdict is upon this issue.
It is the broad claim of the plaintiff that the defendant used
unsterilized instruments, and that he wore no gloves upon his
hands, and that he thereby infected the wound. But this is only
an argumentative, nonexpert conclusion. There is no evidence
that the instruments were not sterilized. There is no evidence

that the standards of the profession require the use of gloves; nor is there any evidence that the hands may not be sterilized without the gloves. It does appear that a specified disinfectant was used. There is evidence that the defendant had a slight infection or sore on one of his fingers, and that he spared it by holding it upward at the time he was working. Whether this could be a probable cause of the infection was a question put to plaintiff's expert witness, and it was negatived by the witness, unless it should be shown that the infection was virulent.

Immediately upon the development of the infection, the plaintiff passed into the care of a regular physician and surgeon. The material question as relates to defendant does not relate to the future treatment of the injury, but to the means adopted by him in the operation itself and in the protection of the resulting wound. One expert witness was examined on plaintiff's behalf. He was one of the physicians who cared for the plaintiff in the treatment of the infected part. The field of hypothetical questions was covered by him. In such examination, it was not made to appear that the defendant had fallen short of any of the standard requirements of his profession; nor did it appear that the infection in question was the necessary or probable result of any neglect. It did appear therefrom, in substance, that the germs of infection are very subtle, and that the mouth always contains ''large numbers of germs that may cause an infection of this character;'' that, ''in the extraction of a tooth, the conditions are always present which may result in infection of this kind;'' ''that there is a certain percentage of cases in which these infections result, notwithstanding every precaution.''

The foregoing quotations from the evidence of plaintiff's expert witness quite answer the general argument for the plaintiff that the fact of the infection of itself raises a presumption of negligence on the part of the defendant which, in connection with the circumstances shown, entitles the plaintiff to go to the jury.

The standard of duty by which the liability of the defendant is to be determined has been frequently set forth in our former decisions. In *Snearly v. McCarthy,* 180 Iowa 81, we said:

''Again, while the method of treatment adopted by defend-

ant is fully pointed out and described in the testimony, no witness was called by plaintiff to show that this was not regarded as proper practice by the profession in the locality where defendant practiced. If there be any such testimony, it is to be inferred from what defendant did or failed to do, viewed from the standpoint of a nonexpert, or deduced from what some of the medical experts said while on the stand. As a general rule, it may be safely affirmed that, in matters requiring special skill and training, it is not permissible for laymen, as nonexperts, to set up any artificial standards as to methods of treatment. This is especially true in surgery; for in that field neither courts nor juries are presumed to know more regarding methods of treatment than ordinary laymen, and that is practically nothing. After hearing the theories, deductions, and scientific facts from experts, both judge and jury must often oppose one set of opinions against another, and determine which is the more reasonable; but they cannot, without some guide, presume to fix any standard upon which to determine the correctness of any kind of treatment.''

In *O'Grady v. Cadwallader*, 183 Iowa 178, we said:

''There is no implied guaranty of results, and all the law demands is that the practitioner bring to the service of his patient and apply to the case that degree of skill and care, knowledge, and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances and in like localities; and it is the general holding of the courts that the bare fact that full recovery does not result, or that a surgical operation is not entirely successful, is not, in and of itself, evidence of negligence; and, in the absence of any showing from those learned in the profession that there was a failure to do that which ought to have been done in the treatment of the injury, or that there was that done which ought not to have been done in the treatment of the injury, there can be no recovery.''

The rule above enunciated is followed in substantially all the other jurisdictions in this country. *Farrell v. Haze,* 157 Mich. 374 (122 N. W. 197); *Matuschka v. Murphy,* 173 Wis. 484 (180 N. W. 821); *Krueger v. Chase,* 172 Wis. 163 (177 N. W. 510); *Ewing v. Goode,* 78 Fed. 442; *McNamee v. Hines,* 150

Minn. 97 (184 N. W. 675); *Pettigrew v. Lewis,* 46 Kans. 78.

In the light of the foregoing, we are required to hold that, upon the issue here under consideration, the evidence of the plaintiff was fatally deficient. The judgment below is accordingly affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.