### EDWIN D. CHUBB *vs.* ARTHUR B. HOLMES.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 9th—decided June 2d, 1930.

*Lawrence A. Howard* and *Cyril Coleman,* for the appellant (defendant).

*Frederick C. Hesselmeyer,* with whom was *John D. McHugh,* for the appellee (plaintiff).

HINMAN, J. The assignment of error pertaining to the denial of the defendant's motion to set aside the verdict, and two of those relating to the charge to the jury concern the effect of the lack of expert evidence supporting the allegations of the defendant's failure to exercise the required professional skill and care, with reference to post-operative treatment following the extraction of the plaintiff's tooth. While the plaintiff produced a physician and surgeon who testified as to the matter of infection of the tongue from an infected tooth, both the finding and the printed testimony disclose that no expert evidence was introduced that the defendant was negligent or failed to exercise suitable professional skill in performing the operation of extracting the tooth or in disinfection or other treatment following such operation.

The court withdrew from the consideration of the jury the (first) allegation that the defendant was negligent in cutting the plaintiff's tongue. The fourth specification, alleging negligent failure to remove all of the tooth, and the fifth, charging failure to properly instruct the plaintiff as to subsequent care and treatment, were also virtually removed from consideration of the jury, and the charge in these respects affords the defendant no ground for complaint.

The second allegation was that the defendant failed to use due and proper care and skill "in that he carelessly and negligently failed to disinfect the wound in the tongue." As to this the court charged, in substance, that if the plaintiff's tongue was cut, even if the wound was caused by the defendant while operating with due care, yet if the defendant knew of the wound or in the exercise of due care should have known of it, "it was

his duty to properly treat it, and if the defendant failed to do so and the proof of his failure meets the requirements of the rule as to preponderance, and such failure was the proximate cause of the plaintiff's suffering, the plaintiff could still recover damages for such failure." The court then reviewed the conflicting evidence as to what was done in the way of disinfection following the extraction of the tooth and the injury to the tongue, and continued: "No evidence has been offered tending to show that what the defendant claimed to have done could have been done better or with greater skill, and if you find that he did what he claims to have done, it is for you to decide, upon the evidence, whether there was negligence in respect to the matter of disinfection. . . . Was there negligence on the part of the defendant in this second claim of the plaintiff's, that was the proximate cause of the plaintiff's suffering the pain? If there was, the defendant is liable in damages for it."

Ordinarily, where the exercise of proper professional skill or care on the part of a physician, surgeon, dentist, or other similar practitioner is in issue, expert testimony tending to establish want of such skill or care is essential to a recovery. *Slimak* v. *Foster,* 106 Conn. 366, 368, 138 Atl. 153, and cases cited; 48 Corpus Juris, p. 1150. The reason, briefly stated, is that in most such cases a layman does not and cannot have the requisite knowledge as to whether the proper treatment was given, procedure followed, or care used. *Evans* v. *Roberts,* 172 Iowa, 653, 660, 154 N. W. 923. The only exception to this rule is afforded by cases "where there is manifest such obvious gross want of care or skill as to afford, of itself, an almost conclusive inference [of lack of skill or care] and dispense with the necessity of testimony by expert witnesses." *Slimak* v. *Foster, supra,* p. 370.

It appears from the charge, and is confirmed by the memorandum of decision on the motion to set aside the verdict, that the trial court held the rule rather than the exception to be applicable to the question of the infliction of the wound in the tongue, and applied it by charging that there could be no recovery therefor, but considered that "knowledge of disinfection of wounds has become so common and universal that a jury should be able, when what has been done has been fully described, to say whether or not it was done carefully or negligently" and so submitted to them the question as to whether there was negligence in that respect.

We are unable to agree, however, that the jury, without the benefit of the opinion of those having special knowledge as to the requirements of proper skill and care in post-operative treatment in such a case, could judge whether such protective measures as they found to have been adopted by the defendant so fell short of measuring up to the professional standards as to render the defendant negligent and liable. *Leighton* v. *Sargent*, 31 N. H. 119, 133; *Rochester* v. *Chester*, 3 N. H. 349, 365; *Coleman* v. *Wilson*, 85 N. J. L. 203, 88 Atl. 1059; *Flanagan* v. *Smith*, 197 Iowa, 273, 197 N. W. 49; *Snearly* v. *McCarthy*, 180 Iowa, 81, 161 N. W. 108; *McCarthy* v. *Harvard Dental Parlors*, 121 N. Y. Supp. 343. The same considerations apply to the allegation of negligent failure to clean out the infected tooth socket. In these respects the charge was erroneous.

Error is assigned in the failure to charge, as requested, that a person of a profession "which involves and implies a reasonable amount of technical skill, knowledge, and probity is entitled to the benefit of a presumption that he has discharged his duty, whether legal or moral, until the contrary is shown." We have

held this rule to be available to the plaintiff in actions by physicians and attorneys to recover for professional services (*Slade* v. *Harris,* 105 Conn. 436, 440, 135 Atl. 570; *Styles* v. *Tyler,* 64 Conn. 432, 464, 30 Atl. 165), but we do not deem it applicable, at least to its full extent, as a means of defense in cases of alleged malpractice. The defendant was entitled, however, to the instruction, also requested, to the effect that the fact that an operation or treatment has resulted unfavorably does not, of itself, raise any presumption of want of proper care or skill. *Ewing* v. *Goode,* 78 Fed. 442, 443; 21 R. C. L. p. 392. The defendant was entitled to have given, in substance, the requested instruction that it is the duty of a patient to reasonably conform to the necessary prescriptions and treatment and follow reasonable and proper instructions given, and that failure to do so which directly and materially contributes to his injury will prevent a recovery in an action for malpractice. *Carey* v. *Mercer,* 239 Mass. 599, 132 N. E. 353; *Merrill* v. *Odiorne,* 113 Me. 424, 94 Atl. 753; 48 Corpus Juris, p. 1134. The charge given relating to proximate cause was not adapted to afford to the defendant the full benefit of the rule above referred to.

Such of the other requested instructions as the defendant was entitled to have given were covered by the charge to an extent sufficient to the requirements of the case presented by the evidence recited in the finding.

The plaintiff, by bill of exceptions, assigns error in the charge in two respects. He requested a charge that "one who holds himself out as a specialist is bound to bring to the aid of the one who employs him as such, that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to that particular organ, task, injury or disease,

its diagnosis and its treatment, in the same general locality, having regard to the state of scientific knowledge at the time." *Rann* v. *Twitchell*, 82 Vt. 79, 71 Atl. 1045, 20 L. R. A. (N. S.) 1030. The finding, to resort to which we are limited in determining the adequacy of the charge, states that the plaintiff offered evidence "that the defendant was a dentist specializing in exodontia" (extraction of teeth) and practiced as such. If so, the court was in error in instructing the jury to disregard the attempted distinction between a general practitioner and such a specialist and should have charged that if they found that the defendant was within the scope of the principle stated by the request his duty was to be measured accordingly.

The other exception is to the instruction that proof of the specifications of negligent cutting of the plaintiff's tongue failed for lack of expert evidence that the extraction had been so unskillfully performed as to charge the defendant with negligence. The finding as to the evidence offered as to the manner in which the cut was inflicted, already recited in the statement of facts, in our opinion does not manifest "such obvious gross want of care or skill" as to dispense with the necessity of expert testimony. *Slimak* v. *Foster, supra.* Although, as we have noted, in exceptional cases the facts relating to an operation or treatment may be such as to warrant an inference of negligence, the great preponderance of authority is that the doctrine of *res ipsa loquitur,* as such, is not applicable to cases of this kind. *Sweeney* v. *Erving,* 35 App. D. C. 57, 43 L. R. A. (N. S.) 734; *Ewing* v. *Goode, supra,* p. 443.

There is error and a new trial is ordered.

In this opinion the other judges concurred.