FIORE CAPOLUPO *vs.* ALBERT C. WILLS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

14

Argued October 11th—decided December 20th, 1932.

*Nathaniel R. Bronson,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

HAINES, J.   The complaint alleges that the defendant was negligent and unskillful in the use of a hypodermic needle used in an effort to anesthetize the plaintiff's jaw, to remove a tooth, and in what was afterward done, although the allegations upon the latter phase of the matter are obscure and of doubtful sufficiency.   The trial court, however, looked upon the complaint as setting up a right of recovery on each of these two features of the case.   No effort was made by the defendant to obtain a more specific statement or to challenge the sufficiency of the complaint as drawn, and we consider the appeal in the light of the situation thus presented to us.   The record evidence discloses that the defendant, a practicing dentist in Waterbury, undertook, in the early evening of December 8th, 1927, at the request of the plaintiff, to extract a tooth from the front of the plaintiff's lower jaw.   He attempted to obtain anesthesia by an injection at a point back of the teeth on the right side of the plaintiff's jaw,

directed at the opening to the inferior dental nerve. In the process the needle was broken off, and the detached portion still remains in the plaintiff's jaw.

The plaintiff's evidence was that, after the needle broke off and after trying unsuccessfully for more than three hours to obtain an X-ray picture which would show the location of the needle, the defendant probed and cut deeply into the tissues, in his effort to find and remove it, and finally gave up the attempt, and told the plaintiff to put on some liquid which he furnished him and sent him home; that the jaw swelled and he was feverish and in pain all night and unable to sleep, and returned to the defendant on several successive days, but on each occasion was told to continue the use of the liquid and not to worry, as he would be all right. He further testified that, upon the advice of his family physician, he later went to a hospital in New Haven·where a surgical operation was performed in an unsuccessful effort to remove the needle, which still remained in his jaw at the time of the trial of this case.

The medical evidence for the plaintiff showed he had a partial paralysis of the tongue on the right side so far as its sensory capacity was concerned though not as to motor capacity; that when water was held in the right side of the mouth, the plaintiff drooled somewhat, and when he spoke there was a slight pulling over of his lips to the left, and the biting capacity of the teeth was less on the right than on the left side of the jaws, and there were abnormal sensations in the nerves in the right side. These conditions were ascribed by the plaintiff's medical evidence, to a traumatic injury to the inferior dental nerve, and caused by disturbing, injuring or cutting or other surgical interference with that nerve occurring in the

effort to remove the needle. The jury could reasonably have so found.

With all the evidence before the jury the court charged: "I have listened to this evidence with care, as I know you have, and charge you directly as a matter of law that there is no evidence here from which you could find either lack of skill or negligence in the performance of the operation. . . . And on the whole evidence I charge you that there is insufficient evidence for you to form a conclusion that the plaintiff is entitled to recover on the basis of negligence in performing the operation."

No objection was made to this charge and there is nothing to indicate that the jury did not act exactly as instructed. It follows that the plaintiff's verdict for $1100 which was rendered by them—the amount of which is not attacked—was based upon the second feature of the case, to which we have alluded and which is sufficiently indicated by the further charge of the court, as follows: "When we come to the question of the after-care of the plaintiff, after the operation, there is the issue on which I am going to ask you to express your opinion by your verdict. . . ." Then, after reviewing the evidence in some detail, as given on both sides, the court said: "Now if you find that in this after-care of the plaintiff there was lack of skill or diligence or that there was negligence on the part of this defendant, while the allegations of the complaint are not as clear as they might be on this point, I believe there is enough there for you to consider that as well in the case. You will consider all of these facts and if you find that the plaintiff has prevailed on this issue by a fair preponderance of the evidence, that the defendant did not exercise that degree of care and diligence and skill which I have defined for you previously in my charge it was his duty to exercise, you would then be

justified in finding a verdict for the plaintiff and to bring in damages in his favor."

If we adopt the view of the trial court that the allegations of the complaint furnish a sufficient basis on which to rest a verdict upon this phase of the case, there still remains the question whether the evidence was such that the jury could reasonably have found therefrom that the defendant was negligent and thereby injured the inferior dental nerve by what was done following the breaking of the needle. Reading the entire evidence, we are unable to find any evidence which can be fairly said to remove this question from the realm of speculation. There is no evidence that the attempt to take X-ray pictures and the probing and cutting was negligently done. The surgical operations at the hospital are at least possible sources of this nerve injury and there is nothing in the evidence to exclude this as the cause. If there were such evidence, the fair conclusion would be that the injury was caused by the attempts of the defendant to remove the needle the night of the operation. Even so, it would not follow without expert medical evidence upon that point that such injury was caused by the negligence or unskillfulness of the defendant, and there is no evidence of this character in the present record.

We have heretofore had occasion to consider the necessity for expert medical evidence to establish negligence where, as in malpractice cases, professional conduct is involved. "When a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or it will not suffice. 'In actions for malpractice against a physician or surgeon, the main issue of the defendant's use of suitable professional skill is generally a topic calling for expert testimony only; and also that the plaintiff in such an action often prefers to rest

his case on the mere facts of his sufferings, and to rely upon the jury's untutored sympathies, without attempting specifically to evidence the defendant's unskillfulness as the cause of those sufferings. Here the courts have been obliged to insist on the dictate of simple logic, . . . that expert testimony on the main fact in issue must somewhere appear in the plaintiff's whole evidence; and for lack of it the court may rule, in its general power to pass upon the sufficiency of evidence, that there is not sufficient to go to the jury,' or to sustain a plaintiff's verdict." *Slimak* v. *Foster,* 106 Conn. 366, 368, 138 Atl. 153, and cases cited; *Chubb* v. *Holmes,* 111 Conn. 482, 486, 489, 150 Atl. 516; *Naveckas* v. *Jack,* 112 Conn. 407, 410, 152 Atl. 580; *Britton* v. *Hartshorn,* 113 Conn. 484, 493, 494, 156 Atl. 48. We consider the record evidence insufficient to establish negligence in this respect, and are unable to sustain the action of the trial court in refusing to set aside the verdict.

There is error and a new trial is ordered.

In this opinion the other judges concurred.