ESTHER PERSON *vs.* JOHN R. LILLIENDAHL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 7th—decided April 3d, 1934.

*Dominic A. Roina,* with whom, on the brief, was *Robert R. Rosan,* for the appellant (plaintiff).

*Cyril Coleman,* with whom, on the brief, were *Lawrence A. Howard* and *Olcott D. Smith,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages because of injuries due to alleged malpractice on the part of the defendant, a dentist, and she has appealed from a judgment upon a verdict directed for the defendant. In her complaint she alleged that, in extracting an impacted tooth, the defendant fractured her jaw and that thereafter he failed to tell her this, although he knew or should have known it, failed to set the jaw, to remove broken pieces of bone and to give her proper after-treatment. The plaintiff concedes that no evidence was offered sufficient to show that the jaw was broken in extracting the tooth, but that the fracture must be regarded as pathological, that is, resulting from a diseased condition of the bone. The tooth was extracted, as the plaintiff testified, on February 1st, 1932. The fracture did not appear until an X-ray picture was taken on February 21st. This picture also disclosed a fragment of tooth remaining in the jaw. The plaintiff testified that the defendant advised her to return to have this extracted, but did not tell her of the fracture. She did return and the defendant attempted to extract the fragment of tooth remaining in the jaw, but was not successful. He then advised her to return the next day, but the next morning the plaintiff was informed that he had sprained his ankle. She was then taken by an attendant in his office to another dentist who treated her, and extracted the fragment of tooth. Later she went to a dentist in New York. The jaw in finally healing developed a lump or lack of proper alinement.

The substantial claim of the plaintiff is that the

defendant was guilty of malpractice in failing to inform her that her jaw was broken, in attempting to remove the fragment of tooth with the jaw in that condition and in failing to apply some kind of brace to keep the parts of the jaw in proper place while the fracture was healing. There was no evidence that in failing to inform the plaintiff of the fracture, the defendant was guilty of malpractice, or that it was not proper practice to attempt to remove the fragment of tooth from the fractured jaw or that, before it was removed or at any time before the defendant became incapacitated to treat her, proper dental practice required that a brace or other device should have been applied to the jaw. These were questions beyond the ordinary field of experience of laymen and the jury could not reasonably have reached a conclusion that the defendant was guilty of malpractice in the absence of expert opinion evidence to that effect. *Capolupo* v. *Wills,* 116 Conn. 13, 17, 163 Atl. 454, and cases cited. The trial court did not err in directing a verdict for the defendant.

There is no error.