ALFRED S. FROGGE ET AL. *v.* F. J. SHUGRUE.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 3—decided May 8, 1940.

*A. Storrs Campbell,* with whom was *F. Anthony Francis,* for the appellants (plaintiffs).

*Cyril Coleman,* for the appellee (defendant).

BROWN, J. This is an action of malpractice brought by the plaintiffs, husband and wife, against the defendant dentist, the complaint claiming a recovery upon two grounds, first that he failed to remove the root tips of a tooth broken off in extracting it from the mouth of the wife, hereinafter called the plaintiff, and secondly that he failed to inform her that these tips remained in her jaw. The defendant denied the essential allegations of the complaint but offered no evidence at the trial. The jury returned a verdict in his favor. The plaintiffs have appealed solely on the

ground of claimed errors in the court's charge. The plaintiffs' claims of proof disclose that the first of the two grounds of action above mentioned was abandoned.

The following material facts which the plaintiffs claimed to have proved, for the purposes of this appeal stand undisputed. The defendant has been engaged in the general practice of dentistry in Hartford for years. In March, 1929, the defendant having advised the plaintiff that pain of which she complained was due to an impacted wisdom tooth in her lower left jaw, extracted the tooth and informed her that there was a pus sac on it. Following a period of temporary relief the pain recurred, and in September, 1929, the defendant extracted the plaintiff's lower right wisdom tooth. The plaintiff, continuing to have headaches and pains in various parts of her body, again consulted the defendant in 1929, and he told her there was no infection from her teeth. From this time until 1938 the plaintiff lived a life of almost complete invalidism, consulting many doctors and submitting to operations for the removal of her tonsils, appendix, and gall bladder, but the pain in the left side of her face and in other parts of her body persisted. In March, 1938, an X-ray taken by another dentist revealed for the first time two root points of the left lower wisdom tooth broken off, and left in the jaw bone from the first tooth extracted by the defendant. These roots were removed, and from that time the plaintiff gradually regained her normal health. The defendant never informed the plaintiff or her physicians of the existence of these broken roots in her jaw, although he was in touch with her throughout her illness. By reason of the defendant's failure to give her this information the plaintiffs claimed to recover for all the damage

incident to her subsequent ill health, all of which damage was alleged to have resulted therefrom.

The plaintiffs' claim in argument that the allegations of fraudulent concealment, contained in their reply to meet the defense of the Statute of Limitations in the defendant's answer, are effective to afford them a cause of action for fraud is without merit. A cause of action not stated in the complaint may not be interjected into the case through the medium of a reply. *Watson* v. *Ruderman,* 79 Conn. 687, 689, 66 Atl. 515; *Mackey* v. *Dobrucki,* 116 Conn. 666, 671, 166 Atl. 393. Upon this record the sole ground upon which to predicate a verdict for the plaintiff is the defendant's failure to inform her that the broken roots remained in her jaw. Knowledge of the defendant, either actual or constructive, that the roots did so remain is a prerequisite to liability on this score. As was said by the Virginia court of the defendant in a case on all fours with the one before us: "If he had no knowledge of such a condition he could be under no obligation to disclose it. Nor can it be said that he wrongfully concealed from her a condition of which he had no knowledge." *Alexander* v. *Hill* (Va.) 6 S. E. (2d) 661, 662, 664. The only statement in the finding relative to the defendant's knowledge is that the plaintiff offered evidence to prove that: "The defendant when he extracted the plaintiff's lower wisdom tooth by the exercise of due care, should have known that he left the broken roots in the plaintiff's jaw. The defendant likewise knew the potential danger to the plaintiff's life and health and probable infection to the human system from such a source." The single assignment of error filed by the defendant attacks this paragraph as without support in the evidence. Whether there is such evidence is the question determinative of this appeal.

The plaintiff herself was the only one present when the tooth was extracted who testified. She stated that no X-ray was ever taken by the defendant, that after extracting the tooth he held it up to her and asked if she had ever seen a tooth with a pus sac on it, and that she saw that it did have such a sac. This was the extent of her testimony. She made no mention of any unusual appearance of the tooth, or of any admission by the defendant indicating knowledge that any part of it remained in her jaw. Nor did any other witness testify to any such admission. In so far as the paragraph quoted might be construed to include a finding of actual knowledge on the part of the defendant, there is no evidence to support it. The only witnesses other than the plaintiffs themselves, were a doctor and two dentists offered by them as experts. Two of these were neither asked nor gave any testimony as to whether a dentist in the exercise of due care and skill in extracting should have known of the presence of these roots left in the jaw. The testimony of the third was that unless there was something about the tooth to indicate that the whole had not been extracted, and there was no evidence here that this was so, it might be possible that a dentist in the exercise of such care and skill would not detect this fact, and the witness refused to testify that this result would be improbable. There is therefore no expert testimony supporting the essential finding that in the exercise of due care and skill the defendant should have known that these root fragments remained. The vital issue involved therein is the defendant's professional care and skill as a dentist in this particular. Upon the record no obvious gross want of them is manifest. Therefore, expert testimony was essential to support the finding in question. *Slimak* v. *Foster,* 106 Conn. 366, 368, 138 Atl. 153; *Chubb* v. *Holmes,* 111 Conn. 482, 486,

150 Atl. 516; *Person* v. *Lilliendahl,* 118 Conn. 693, 695, 172 Atl. 94. In the absence of it the finding was unwarranted.

The plaintiffs contend, however, to quote from their brief, "that from the circumstantial evidence in the case, an inference arose regarding knowledge of the fact that the tooth was left by the defendant and his knowledge of its poisonous possibilities," and that it was therefore incumbent upon the defendant "to explain the adverse inference which has arisen," and he is "compelled to supply [this explanation] under penalty of having the presumption ripen against him." Though not expressly so worded, this claim can only rest upon the doctrine of res ipsa loquitur. This is applicable solely in cases where facts affording a basis therefor are proven, to permit an inference of negligence. As affecting the present case, therefore, the pertinent inference must be restricted to the defendant's negligence in failing to discover that the root fragments remained, in contradistinction to his actual knowledge thereof. In the absence of any obvious gross want of care and skill, however, the doctrine of res ipsa loquitur is not applicable here to support this inference. *Chubb* v. *Holmes,* 111 Conn. 482, 489, 150 Atl. 516. The defendant is entitled, therefore, to have the paragraph complained of eliminated from the finding. The charge of the court in submitting the issue of the plaintiffs' right to recover for failure to inform Mrs. Frogge that the fragment of root remained, was too favorable to them, and any error committed therein requires no consideration. *Puza* v. *Hamway,* 123 Conn. 205, 212, 193 Atl. 776.

There is no error.

In this opinion the other judges concurred.