WILLIAM HALIBURTON *v.* GENERAL HOSPITAL SOCIETY OF CONNECTICUT

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 7—decided June 12, 1946

*Morris Tyler* and *Richard H. Bowerman,* for the appellant (defendant).

*John H. Sheehan* and *Isadore Chaplowe,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff had a verdict against the defendant based on the latter's corporate negligence in hiring an unlicensed dentist, conduct claimed to have caused personal injuries to the plaintiff.  The defendant appealed from the denial of its motion to set aside the verdict and from the judgment.  The jury could reasonably have found the following facts: The plaintiff, suffering from a

toothache and swollen jaw, presented himself at the defendant's dental clinic on November 24, 1944, for treatment. He was examined by Keller, a substitute dental intern employed by the defendant. This examination and the x-rays taken pursuant thereto revealed a decayed and infected wisdom tooth on the left side of the upper jaw. The plaintiff was told to return in a few days for the extraction of the tooth. On November 28 the tooth was extracted by Keller, and a fracture of the alveolar process, which is a part of the jaw, resulted. The plaintiff returned to the clinic on December 4 and was found to be suffering from a postoperative abscess in the region where the tooth had been extracted. He required hospitalization for nine days, during part of which time he ran a high fever. At the end of that period he was discharged. No permanent injuries were claimed. The defendant is a public institution. It employed Dr. Bert G. Anderson as the head of its dental clinic, and other licensed dentists were in attendance in a supervisory capacity. Keller had attended Tufts Dental College for a period of three and two-thirds years and had been hired as a substitute dental intern by the defendant on the recommendation of the faculty of the college and of Dr. Anderson. He was not licensed to practice dentistry in Connecticut and had not graduated from a dental college, and there was no evidence that he was registered as such a graduate to practice in a clinic in accordance with General Statutes, Cum. Sup. 1943, § 553g.

The plaintiff claims in his complaint, in effect, that the defendant was negligent in the selection of Keller and that this negligence and that of Keller caused the plaintiff's injuries. The jury found, in answer to interrogatories, that the employment of

Keller constituted corporate negligence and that this was the proximate cause of the plaintiff's injuries.

The first answer was correct. General Statutes, § 2804, which is a part of chapter 159 of the General Statutes, forbids the practice of dentistry without a license; General Statutes, § 2816, makes it illegal for "any person" to employ an unlicensed dentist. The word "person" may be applied to corporations; General Statutes, § 6568; and it is held so to apply in this case in view of the purpose of chapter 159. The references in the statutes to "unlicensed assistant dentists" (see, for example, §§ 2802, 2807) can only mean the very limited class of practitioners defined in § 2812 who had registered with the dental commission prior to October 1, 1907. Keller cannot be included in this class. "When the legislature establishes a rule of conduct by statute and its purpose in doing so is to protect others from injury, a violation of that rule of conduct constitutes negligence." *Gonchar* v. *Kelson*, 114 Conn. 262, 264, 158 A. 545. The defendant was guilty of corporate negligence in employing Keller. *Edwards* v. *Grace Hospital Society*, 130 Conn. 568, 571, 36 A.2d 273.

The general rule is that an employer is liable for the acts of an employee done in the course of his employment. *Stone* v. *Hills*, 45 Conn. 44, 47. It is the settled law of this state that hospitals and other eleemosynary corporations are exempted from this rule when they have used due care in the selection of their employees. *Hearns* v. *Waterbury Hospital*, 66 Conn. 98, 126, 33 A. 595; *Edwards* v. *Grace Hospital Society*, supra, 572. When, however, they fail to use due care in the selection of their employees, the exemption is no longer effective and

the underlying principles by which liability is determined are those governing the ordinary relationship of master and servant. *Donaldson* v. *General Public Hospital,* 30 N.B. 279, 301; 14 C.J.S. 545, 551; 11 C.J. 377. An essential element in liability in such cases is the negligence of the employee. If the employee has not been negligent the employer is not liable. *Carlson* v. *Connecticut Co.,* 94 Conn. 131, 136, 108 A. 531; see *Stone* v. *Hills,* supra; *Stickney* v. *Epstein,* 100 Conn. 170, 179, 123 A. 1.

The principles governing malpractice are determinative of the question of Keller's negligence under the circumstances of this case. See *Brown* v. *Shyne,* 242 N.Y. 176, 180, 151 N.E. 197, 44 A.L.R. 1407. The difficulty of the layman in comprehending the effect of medical treatment is the same whether the practitioner is licensed or unlicensed. The rule is, here as elsewhere, that no recovery may ordinarily be had in such cases unless expert testimony supporting the plaintiff's allegation of negligence somewhere appears. *Slimak* v. *Foster,* 106 Conn. 366, 368, 138 A. 153; *Frogge* v. *Shugrue,* 126 Conn. 608, 612, 13 A.2d 503. There is no such testimony in this case. On the contrary, all of the medical testimony was to the effect that the operation of the clinic in general and the treatment by Keller in particular were either in accordance with standard practice or better. The fact that the operation was followed by infection raised no presumption of want of proper care or skill. *Britton* v. *Hartshorn,* 113 Conn. 484, 490, 156 A. 48. The plaintiff is not entitled to rely on the doctrine of res ipsa loquitur. In order that it may apply, three conditions must be met, the first of which is that the situation, condition or apparatus must be such that in the ordinary

instance no injury would result unless from a careless construction, inspection or user. *Briganti* v. *Connecticut Co.*, 119 Conn. 316, 320, 175 A. 679. In the present case it could not be said as a matter of law that upon the evidence this condition was satisfied, and there was no evidence which would justify a finding by the jury that it was met. *Motiejaitis* v. *Johnson,* 117 Conn. 631, 635, 169 A. 606. The doctrine was not applicable here. *Chubb* v. *Holmes,* 111 Conn. 482, 489, 150 A. 516; 48 C.J. 1143; note, 69 A.L.R. 1148. There was no evidence from which the jury reasonably could have concluded that Keller was negligent. The verdict should have been set aside. In this view of the case the principle of proximate cause, discussed at length in briefs and arguments, is not involved.

The conclusion that the motion to set aside the verdict should have been granted for the reasons stated makes it unnecessary to consider the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.