[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This motion to strike involves a Tort Reform II issue on which there is a great split of authority on this court. Some judges have ruled that assertion of the requirement of Section 52-225a of the General Statutes that economic damages be reduced by collateral source payments may properly be pleaded as a special defense, See, eg., Hoffman v. Hada, 4 Conn. L. Rptr. 125, (1991) (Flynn, J.); Krug v. Budney, 1 Conn. L. Rptr. 207 (Allan, J.) whereas others have reached a contrary result. See, eg. Nave v. Saint Mary Hospital,4 Conn. L. Rptr. 515 (1991) (Murray, J.); Sabol v. Mancini,2 Conn. L. Rptr. 71 (1990) (Kulawicz, J.). CT Page 9930
No useful purpose would be served by a comparative analysis of the opposing views. I wish merely to add my own reasons for joining the camp that would strike such a special defense. First, as in Sobol, supra, the allegations of the special defense are hypothetical only and fail to state actual receipt of collateral source payments by the plaintiff. In addition, the defense seeks credit against "any damages" when Section 52-225(a) provides for reduction of economic damages only. Secondly, Section 52-225 a(b) requires the court after verdict but prior to judgment to "receive evidence from the claimant and other appropriate persons concerning the total of collateral sources which have been paid". . . While such a proceeding may well be adversarial in nature it is, in my judgment, nothing more than a judicial inquiry not subject to pleadings in the ordinary sense. (C.P.B. Ch. 5). Nor should such a hearing be a trial in the strict sense of the term (C.P.B. Ch. 10). Third, a special defense of collateral source payment is not a true set-off within the meaning of C.P.B. Section 168 or General Statutes Section 52-139 and 52-141. Savings Bank of New London v. Santaniello 130 Conn. 206, 211. If it were, then it could be "pleaded and replied to according to the rules governing complaints and answers". C.P.B. Section 158. It would for example be subject to a Request To Revise (C.P.B. Section 147) and Discovery (C.P.B. ch. 8) with respect to matters as to which the defendant could not possibly have knowledge and which lie predominately within the knowledge, possession or power of the plaintiff.
Finally, such a special defense may well invite a plaintiff to file a Reply asserting his right to add back amounts "paid, contributed or forfeited . . . to secure his right to [the] collateral source", under sub-section (c) of the statute, Not only has such a method of pleading been discountenanced, Frogge v. Shugrue,126 Conn. 608, 611 (1940) but it is incompatible with the post verdict nature of the proceeding.
For the foregoing reasons the motion to strike is granted.
Mottolese, J. CT Page 9931