[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Facts: . . . The plaintiff alleges the following facts.
Solinsky is a physician licensed and engaged in the medical practice of obstetrics in New London, Connecticut. Luevennia Gomez employed the defendant to care for her during her pregnancy and the delivery of her child. On July 19, 1991, Gomez gave birth to Samuel Gomez, who, at the time of delivery, had no motion in his right arm and shoulder.
Count five of the complaint is brought by Samuel Gomez and is directed against Solinsky. It alleges that Solinsky did not exercise the degree of skill ordinarily exercised by obstetric physicians in their professions in that the injuries to the minor plaintiff would not have occurred absent a breach of the standard of care. Count five also alleges that the delivery was under the exclusive control of Solinsky and that the injuries suffered occurred without any voluntary act on the part of the plaintiffs.
Count six is brought by Luevennia Gomez in her individual capacity, is directed against Solinsky and incorporates fully the allegations of count five. In addition, count five alleges that, CT Page 2132 as a result of Solinsky's negligence, Luevennia Gomez suffered and will continue to suffer severe psychological, physiological and emotional distress which Solinsky knew or should have known that his conduct was likely to cause.
Count seven is brought by Samuel Gomez, is directed against Shoreline Obstetrics and contains the same allegations as count five.
Count eight is brought by Luevennia Gomez in her individual capacity, is directed against Shoreline Obstetrics and incorporates fully the allegations of count five. In addition, count eight alleges that as a result of Shoreline Obstetrics' negligence, Luevennia Gomez suffered and will continue to suffer severe psychological, physiological and emotional distress which Shoreline Obstetrics, through Solinsky, knew or should have known that his conduct was likely to cause. . . .
Discussion: "[T]he doctrine of res ipsa loquitur . . . allows the jury to infer negligence based on the circumstances of the incident even though no direct evidence of negligence has been introduced." Giles v. New Haven, 228 Conn. 441, 446,636 A.2d 1335 (1994). The necessary elements to be pleaded so that a case may be submitted to a jury on the theory of res ipsa loquitur are: "(1) the situation, condition, or apparatus causing the injury must be such that in the ordinary course of events no injury would result unless from a careless construction, inspection or user; (2) both inspection and user must have been at the time of the injury in the control of the is party charged with neglect; (3) the injurious occurrence or condition must have happened irrespective of a voluntary action at the time by the party injured." (Internal quotation marks a omitted.) Id. "Whether the doctrine applies in a given case a question of law for the court." Id., 447.
1. Whether Res Ipsa Loquitur May Be Alleged in MedicalMalpractice Actions.
The defendants rely on the cases of Krause v. BridgeportHospital, 169 Conn. 1, 362 A.2d 802 (1975) and Frogge v. Shugrue,126 Conn. 608, 13 A.2d 503 (1940) for the proposition that the doctrine of res ipsa loquitur is not applicable in actions for medical malpractice. As noted by this court in Scace v. HartfordHospital, Superior Court, judicial district of New London at New London, Docket No. 532378 (December 15, 1995, Hurley, J.), a CT Page 2133 close reading of Krause and Chubb v. Holmes, 111 Conn. 482,150 A.2d 516 (1930) demonstrates that:
 [T]he doctrine was held not to apply because the plaintiff in each case failed to present expert evidence as to the proper standard of care required in the medical procedure at issue. Rather than holding that the doctrine of res ipsa loquitur is outright inapplicable in medical malpractice cases, the Connecticut Supreme Court merely found that the respective plaintiffs could not rely on the doctrine, or even make out a case of prima facie negligence, because they failed to establish the proper standard of medical care through expert testimony.
. . . On the basis of this court's holding in Scace, the court finds that res ipsa loquitur may be applicable in cases of medical malpractice in certain instances.
2. Whether Plaintiff Must Plead Gross Want of Care or Skill.
The defendants argue that the plaintiffs ate required to plead an obvious gross want of care or skill on the part of the defendants and their failure to do so renders the complaint subject to a motion to strike.
The court addressed this issue in Scace v. Hartford Hospital,
supra, where it reasoned that "[i]f the court required the plaintiff to plead that the defendants' conduct evinced a gross want of skill or care, the court would be implying that res ipsa loquitur can only be used in medical malpractice cases where no expert testimony is needed. The case law does not mandate this." In so holding, the court found persuasive a comment from the Restatement of Torts which states that:
 In the usual case the basis of past experience from which this conclusion may be drawn [that such events do not ordinarily occur unless someone has been negligent] is common to the community, and is a matter of general knowledge, which the court recognizes on much the same basis as when it takes judicial notice of facts which everyone knows. It may, however, be supplied by the evidence of the parties; and expert testimony that such an event usually does not occur without negligence may afford a sufficient basis for the inference. Such testimony may be essential to the plaintiff's case where, as for example in some actions for medical CT Page 2134 malpractice, there is no fund of common knowledge which may permit laymen reasonably to draw the conclusion. 2 Restatement (Second), Torts § 328D, comment (1965).
According to the Restatement, expert testimony may be appropriate in medical malpractice actions based on res ipsa loquitur to raise the jury's "fund of common knowledge" and to thereby permit an inference of negligence. A plaintiff can dispense with expert testimony, however, "where there is manifest such obvious gross want of care or skill as to afford, of itself, an almost conclusive inference [of negligence] . . ." (Internal quotation marks omitted.) Scace v. Hartford Hospital, supra.
On the basis of the court's holding in Scace, the court finds that when invoking res ipsa loquitur in cases of medical malpractice, an allegation of obvious gross lack of skill or a care is not essential.
3. Whether the Plaintiffs Have Sufficiently Alleged the NecessaryElements of Res Ipsa Loquitur.
"The doctrine of res ipsa loquitur . . . is that, where it is shown that the thing or instrumentality which caused the injury complained of was under the control or management of the defendant, and the occurrence resulting in the injury was such as in the ordinary course of things would not happen if those who had its control or management used proper care, there is sufficient evidence . . . that the injury arose from or was caused by the defendant's want of care." (Emphasis added.) 57B Am.Jur.2d 1965, § 1819, p. 492. Accordingly, the relevant question is what is the occurrence from which negligence can be inferred?
In the present case, the plaintiffs allege that the injury to the minor plaintiff would not have occurred in the absence of negligence. Negligence may not be inferred from the mere fact of injury. 57B Am.Jur.2d 1965, § 1823, p. 497. The circumstances accompanying the injury permit the inference of negligence. Id. The circumstance surrounding the injury, as alleged in the complaint, was the defendant's delivery of the minor plaintiff, who had an injured arm. The question becomes whether this event "gives rise to the reasonable probability that in the ordinary course of events the incident would not have occurred without negligence." 57B Am.Jur.2d 1965, § 1852, p. 519. CT Page 2135
It is possible that the birth of a child with an injured arm may be due to causes other than the negligence of the attending physician. Where "it cannot be inferred that the injury normally does not occur without negligence, expert testimony on that issue is necessary before res ipsa loquitur can be applied." 57B Am.Jur.2d 1965, § 1864, p. 531."Expert testimony to the effect that those in a specialized field of knowledge . . . consider a certain occurrence as indicative of the probable existence of negligence is at least as probative of the existence of such a probability as the `common knowledge' of lay persons." Id. Nonetheless, the circumstances attendant upon the accident must be of such a character as to justify a jury in inferring negligence as the cause of the accident. 57B Am.Jur.2d 1965, § 1927, p. 593.
In Scace, the occurrence permitting the inference of negligence was the overdose of penicillin, which allegedly would not occur unless through the negligent act of the person administering it. As previously noted, the alleged occurrence upon which the inference of negligence is based in the present case is the defendant's delivery of the minor plaintiff, who had an injured arm. There are no circumstances alleged which are of such a character as to justify an inference of negligence. Cf.Malvicini v. Stratford Motor Hotel, Inc., supra, 126 Conn. 439
(scalding water); Puro v. Henry, 188 Conn. 301, 449 A.2d 177
(1982) (leaving needle in patient); Frogge v. Shugrue, supra,126 Conn. 613 (leaving tooth fragment in patient); Scace v. HartfordHospital supra (administering overdose of penicillin). The court finds that there is insufficient circumstantial evidence alleged to permit a jury to infer negligence under the doctrine of res ipsa loquitur, either on the basis of its fund of common knowledge or on the basis of expert testimony. Accordingly, the plaintiffs have not sufficiently pled the first element of res ipsa loquitur. The motion to strike is hereby granted.
Hurley, J.