MILDRED H. DEWARD, administratrix, *vs.* JOHN G. WHITNEY.

Suffolk.    May 21, 1936. — June 30, 1937.

Present: PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Of chiropractor.    *Proximate Cause.*

Evidence warranted findings that a chiropractor was negligent in giving a treatment by "manipulation of the spine and massage" to a person known to him to have high blood pressure, and that such negligence was the proximate cause of a cerebral hemorrhage from which the patient died.

TORT. Writ in the Municipal Court of the City of Boston dated February 21, 1935.

The action was heard by *Good,* J., who found for the plaintiff in the sum of $5,000 on a count for death, and in the sum of $1,000 on a count for conscious suffering. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*W. P. Lombard,* for the defendant.

*J. H. Devine,* (*E. R. Sparrow & J. F. Groden* with him,) for the plaintiff.

PIERCE, J. This is an action of tort in which the plaintiff, as administratrix of the estate of Retha V. Deward, seeks to recover damages for her death and conscious suffering. A copy of the declaration is annexed to the report.

On its merits the case was heard in the Municipal Court of the City of Boston. At the close of the evidence and before the final arguments, the defendant made the following requests for rulings: "A. On all the evidence the plaintiff is not entitled to recover because (1) There is no evidence or proof of negligence on the part of the defendant. (2) There is no evidence that any act or omission of the defendant contributed to the death of the plaintiff's intestate. (3) There is no evidence of any negligence on the part of the defendant that caused the death of the plaintiff's intestate"; "(B) There being no evidence of conscious suffering the defendant is entitled to a verdict on count 3"; "(C) There is no evidence of any legal duty resting on the defendant with respect to the plaintiff's intestate at the time of the injury complained of in the declaration, i.e., December 27, 1934"; and "(D) There is no evidence of any injury sustained by the plaintiff's intestate as a result of any act or omission of the defendant prior to December 27, 1934." The judge denied all the defendant's requests for rulings, and found for the plaintiff in the sum of $5,000 on the second count and $1,000 on the third count of the declaration.

The defendant properly and seasonably filed a motion for a new trial upon the following grounds: "A. That the verdict is against the weight of the evidence because (1) There is no evidence or proof of negligence on the part of the defendant. (2) There is no evidence that any act or

omission of the defendant contributed to the death of the plaintiff's intestate. (3) There is no evidence of any negligence on the part of defendant that caused the death of the plaintiff's intestate. (4) There being no evidence of conscious suffering the defendant is entitled to a verdict on count 3"; "B. That the verdict is against the law"; and "C. There is no evidence of any legal duty resting on the defendant with respect to the plaintiff's intestate at the time of the injury complained of in the declaration, i.e. December 27, 1934." The trial judge denied the motion for a new trial and reported the refusals to rule as requested and the findings for the plaintiff. The judge stated in the report that the defendant, "saving such rights as he has," requested that the ruling denying the motion for a new trial be reported. The report contains all the evidence material to the questions reported to the Appellate Division for determination. Upon hearing, the Appellate Division dismissed the report. The case is before this court on the appeal of the defendant "from the final decision of the Appellate Division dismissing the report."

As stated by the defendant, the question here to be considered is "Whether there was sufficient evidence to justify a finding that any act of the defendant produced the cerebral hemorrhage from which the plaintiff's intestate admittedly died," and hence, "Whether because of the insufficiency or lack of weight in the evidence adduced by the plaintiff to support the finding in her favor, the court erred in not ordering a new trial." No other questions are argued in the defendant's brief and if there were any others raised at the trial, they are treated as waived.

The facts most favorable to the plaintiff's contention, shown in the report, in substance are that the deceased had been an employee at the State Street Trust Company for fourteen or fifteen years; that she was single and was forty-one years of age; that she had been treated by the defendant for about one and one half years previous to her death for high blood pressure; that the defendant held himself out to the public as a chiropractor, with an office at 5 Park Square, Boston, Massachusetts; that he was

not licensed to practise medicine in this Commonwealth, *Whipple* v. *Grandchamp*, 261 Mass. 40, 44; that, following the death of the plaintiff's intestate, the defendant in March, 1935, in the Superior Court, was found "guilty of unlawfully holding himself out to be a practitioner of medicine." A copy of the record of his conviction was offered in evidence. The report further shows that the deceased had received from the defendant in the years 1933 and 1934, according to his records, sixty-three treatments, for which she paid him $105, on the basis of $5 for three visits; that on December 27, 1934, at about 4:30 P.M., the deceased left her place of employment, sober, entirely rational and in good spirits; that she walked to the defendant's office about a mile distant, arriving there between five and five-thirty, and asked for treatment; that she waited until six o'clock because the defendant was busy; and that then, although the usual medical practice was not to remove underclothes in the absence of the defendant's female assistant, she entirely disrobed.

There was evidence to warrant findings that the plaintiff's intestate donned an operating robe, open at the back; that the defendant then treated her for "High blood pressure" by the "Manipulation of the spine and massage"; that the defendant knew from previous treatments given the intestate that she was suffering from high blood pressure and that to give her his treatment of manipulation and massage was dangerous; that some time between six and seven o'clock the intestate became ill but not unconscious; that she asked to be allowed to lie down and rest, to be let alone, and requested that "her people" be called, naming her sister Mildred, who was a witness at the trial; that the plaintiff's intestate at that time had nausea and had lost control of her urine and feces; that her sisters received no word as to her condition until 9:15 P.M. though they could have been informed earlier; that no doctor had been called when the sisters arrived at the defendant's office; that the defendant and his assistant falsely told the sisters that the intestate was merely "dead drunk"; that the defendant, after futile attempts to get the sisters to take the intestate

from his office, agreed to call a nearby physician but called his own physician from Lynn; and that the intestate was finally removed to a hospital where she died the second day thereafter as a result of a cerebral hemorrhage experienced in the defendant's office.

To fix liability upon the defendant on the allegations of the plaintiff's declaration, conscious suffering being admitted or not denied in the defendant's brief, the evidence must have warranted a finding (1) that he treated the plaintiff's intestate on December 27, 1934; (2) that the hemorrhage and her death resulting therefrom were caused by the treatment or method of treatment adopted by the defendant; and (3) that in all the circumstances the treatment or method of treatment was negligent.

The defendant points out that his own was the only direct testimony given as to whether or not a treatment was administered to the intestate on December 27, 1934, and argues that no other testimony can be considered as of any value. It is plain, however, that the testimony of a police officer, to the effect that the defendant had told him shortly after the death of the plaintiff's intestate that he had treated her by "Manipulation of the spine and massage" on December 27, 1934, could have been believed by the trial judge to be a statement of the true fact, and if believed was sufficient evidence that such treatment had been given. *Leary* v. *Keith*, 256 Mass. 157, 158. *Hall* v. *Shain*, 291 Mass. 506, 508.

Assuming the evidence warranted a finding that the defendant did treat the intestate, the defendant contends that the plaintiff has failed to establish the time when such treatment was given, that is, has failed to establish whether it was before or after the intestate became ill. On this issue there was no testimonial evidence other than that of the defendant. He denied that any treatment at all had been administered to the intestate on December 27, 1934; hence, the other evidence must be considered and examined for any possibility of proper and material inferences that the treatment occurred prior to the hemorrhage suffered by the intestate. The Appellate Division drew such an

·inference from the evidence of the disrobed state of the intestate when the attendant nurse returned at 7 P.M., coupled with the improbability that manipulation would have been attempted upon a patient verging upon a collapse. The judge warrantably could have found that the testimony of the defendant, that he did not treat the plaintiff's intestate on the day in question, was intentionally and knowingly false both as to the occurrence of a treatment and as to the time of that treatment. It is unnecessary to discuss further the issue whether there was a treatment of the plaintiff's intestate on December 27, 1934, and the time of such treatment.

There remain the questions whether there was sufficient evidence (1) of causation connecting the treatment and the hemorrhage and (2) of the defendant's negligence.

The medical testimony warranted a finding that chiropractic treatment such as the defendant used could cause a patient with high blood pressure to have such a hemorrhage. The defendant objected to this testimony on two grounds (1) that both the expert doctors testifying admitted that they were not familiar with the chiropractic system of treatment and (2) that they all agreed that the hemorrhage could have been induced in some other way. The defendant makes no contention that the medical witnesses were all unfamiliar with the general aspects of the chiropractic system or with its effect upon the body of a "hypertension patient," nor that their testimony was not based upon their knowledge of the effect of such treatment. Testimony that even slight pressure could have caused the hemorrhage, supplemented by the defendant's admission to the police officer that he had treated the intestate by "Manipulation of the spine and massage" on December 27, 1934, and the judge's own observation of the defendant's method of practice during a demonstration carried on in the court room, was a sufficient basis upon which to rest a finding of causation.

The remaining question to be considered is whether the defendant could properly be found to have been negligent in treating the plaintiff's intestate upon the evening in ques-

tion.   In this respect the defendant admitted that his school of chiropractic advocated refusal to "take on patients with that ailment [high blood pressure] because it is too dangerous."   This fact in connection with other facts warranted a finding that the treatment of the intestate was negligent.   *Carey* v. *Mercer*, 239 Mass. 599, 601.   *Chesley* v. *Durant*, 243 Mass. 180, 182.   *Whipple* v. *Grandchamp*, 261 Mass. 40, 45.   *Bouffard* v. *Canby*, 292 Mass. 305, 309.

There is no merit in the contention of the defendant that on all the evidence there should have been a finding for the defendant because the plaintiff failed to sustain the burden of proving " (a) That the defendant treated decedent on the twenty-seventh day of December, 1934;  (b) That the alleged treatment was rendered *before* the decedent became ill with a cerebral hemorrhage;  (c) That any alleged act or omission of the defendant was the proximate cause of the decedent's death."   There was no error in denying the motion for a new trial.

*Order "Report dismissed" affirmed.*