MIRIAM I. LEVENSON *vs.* WELLS A. RUBLE.

Middlesex.    October 8, 1940. — December 30, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Physician. *Practice, Civil*, Statement of counsel during trial.

A remark by the plaintiff's attorney during a trial as to a narrower scope of the plaintiff's claim than that set out in the declaration did not harm the defendant where it appeared that such was not, and was not considered by the judge or the defendant's attorney to be, the plaintiff's final position.

Evidence warranted findings that the defendant, a specialist in the treatment of skin diseases by electric and light treatment, was negligent in not making a proper examination and diagnosis and in prescribing light treatment when the plaintiff consulted him, and that the plaintiff suffered second degree burns as a result of such treatment given under his direction.

TORT. Writ in the Superior Court dated March 15, 1938.

The case was heard by *Greenhalge*, J., who found for the plaintiff in the sum of $2,500.

*O. Storer*, (*J. J. Lucas* with him,) for the defendant.

*D. H. Fulton*, for the plaintiff.

RONAN, J. The plaintiff, suffering from a skin disease on her chest and arms, saw the defendant, a physician, at a hospital with which he was connected. The defendant examined her and thought she had a condition similar to

ichthyosis — a fishy or scaly skin — but he did not make any absolute diagnosis. He then prescribed a course of ten actinic light treatments, for which she paid, and directed her to the department where the first treatment was given by a nurse who had received instructions from the defendant as to the details of the treatment to be administered to the plaintiff. Within a few days the plaintiff returned to the hospital to receive the second treatment. She was again examined by the defendant, who looked at her arms and chest and gave directions to the nurse who gave the treatment to the plaintiff. After this treatment there were second degree burns on about one third of the front of the plaintiff's body. The judge found for the plaintiff. He also found specifically that if the effect of the treatment prescribed by the defendant would or might be dependent upon the nature and extent of the plaintiff's disease as he understood from the testimony of the defendant's experts, and that if the defendant, as he testified, made no absolute diagnosis of the plaintiff's condition — "in fact he made only a hasty and incomplete examination of the plaintiff who was a stranger to him and apparently made no diagnosis at all — this seems to me to be improper medical practice and under all the circumstances and in view of the results to the plaintiff which followed the second treatment, to constitute negligence and I so find." The defendant excepted to the refusal to give certain requests for rulings.

It could have been found that the defendant had specialized for nearly all his professional life of thirty-three years in the treatment of skin diseases by electric and light treatments; that for nearly ten years he had been the general medical superintendent of a hospital, having six assistants, all of whom, together with himself, prescribed physiotherapy for patients who sought relief and who numbered eight or nine thousand persons a year. At the trial he expressly disclaimed that the nurses who administered the treatment did not comply with his instructions. He testified that he prescribed a series of ten actinic light treatments by an Alpine sun lamp; that he did not contemplate that anything should occur that might prevent her from completing

this proposed course of graduated treatments, which he intended to commence with a three minute treatment and then, in subsequent treatments, to increase to ten, twelve or fifteen minutes; that he intended to give her an exposure that would fall short of causing her any irritation, and that the perfect therapeutic dose would be just a slight sunburn. It could be found that the lamp was capable of burning a patient, depending upon the time of exposure, the distance between the lamp and the patient, the voltage and susceptibility of the patient. There was evidence that the plaintiff had second degree burns over various parts of her body. The defendant testified that he intended that the plaintiff should receive "only a slight sunburn, not a marked sunburn and no second degree burn," but "a dose" that would result in a second degree burn may be the best possible thing for a cure; that when he saw the plaintiff three or four days after the second treatment he was convinced that she had been given more exposure than he expected her to receive, "more reaction, he would say, rather than more exposure"; that if there were second degree burns over a third of her body there was not necessarily error in the prescribed treatment, but he did not know where the error was and that he had examined her before she took each treatment. It could be further found that a physician could tell by an examination before any treatment was prescribed whether a patient had an acute dermatitis; that light treatment would aggravate an acute disease; that if a patient had a skin disease that would be exacerbated by light treatment it would not be good medical practice to prescribe light treatment; and that, if when she was treated she had a chronic skin disease, there "would be no flare-up."

During the course of the examination of one of the defendant's experts, after he had answered that he had not heard or observed in the testimony anything that indicated that this was not a proper case for the application of light treatment, counsel for the plaintiff said that he contended not that the treatment was improper but that the exposure was too long. Nothing further was said on this subject, but the subsequent course of the trial indicates that this was not

the final position of the plaintiff. The tenor of several of the defendant's requests shows that the defendant did not understand that the plaintiff did not contend that it was negligent to prescribe the light treatment. The judge also considered that the point was open. In the circumstances, the plaintiff was not precluded from insisting upon this contention and the defendant was not misled to his harm by this remark of the plaintiff's counsel. It had no effect on the course of the trial. *Jennings* v. *Wall*, 217 Mass. 278, 281. *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351. *Commonwealth* v. *Retkovitz*, 222 Mass. 245. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414.

There was no direct testimony that the plaintiff at the time of her second treatment was exposed to the actinic rays for more than three and one-half minutes, or that an exposure for that period was unusual or improper if light treatment should have been administered. An exposure for that period with the use of mechanical equipment that could be found to be proper would not inflict second degree burns upon a patient not abnormally susceptible to light, unless the patient was suffering from a skin disease that ought not to have been treated by the rays, or unless the burns were caused by some medication applied to the skin. The defendant did not prescribe any medication and, according to his testimony, medication can be eliminated as far as his treatment is concerned. Moreover, the plaintiff testified that she did not use any salves or ointments after the second treatment until she was treated by a physician, who prescribed oils and greases. The judge could find that her condition following the second treatment was not caused by the application of any medication, but that it was due to the burns received at the time of the treatment. *Marangian* v. *Apelian*, 286 Mass. 429, 437. *Zimmerman* v. *Litvich*, 297 Mass. 91, 93. *Deward* v. *Whitney*, 298 Mass. 41, 46.

The issue then is narrowed to the inquiry whether the evidence was sufficient to warrant a finding that the plaintiff's injury was due to negligence in prescribing light treatment for her skin disease. The defendant did not intend to

burn her. He knew it was possible that her skin disease could be exacerbated into second degree burns. He testified that the plaintiff "had more reaction than he wanted her to get, or expected she would get." He diagnosed her condition as one which would not be aggravated by light treatment. The testimony of one of the defendant's experts was to the effect that a reasonable examination would have disclosed whether a patient is suffering from a disease that ought to be treated by actinic rays. It could be found that the diagnosis made by the defendant was wrong and that the error was due to his negligence. A physician who fails to use ordinary skill and care in making a diagnosis and, as a result, prescribes a treatment which ought not to have been administered is liable for the damage thereby incurred by the patient. *Harriott* v. *Plimpton*, 166 Mass. 585. *Whipple* v. *Grandchamp*, 261 Mass. 40. *Butler* v. *Layton*, 266 Mass. 117. *Boston* v. *Fountain*, 267 Mass. 196. *Marangian* v. *Apelian*, 286 Mass. 429. *Zimmerman* v. *Litvich*, 297 Mass. 91. *Deward* v. *Whitney*, 298 Mass. 41. *Vigneault* v. *Dr. Hewson Dental Co.* 300 Mass. 223.

The negligence of the defendant in examining the plaintiff, in diagnosing her condition, and in prescribing treatment, was a question of fact upon the testimony, and there was no error in the refusal of requests that the plaintiff was not entitled to recover or that there was not sufficient evidence of negligence in the particulars just mentioned. The judge found, as shown by his dealing with the defendant's requests, that the defendant was negligent in the examination, diagnosis and prescription. His special finding to the same effect was supported by the evidence and cannot be disturbed. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139. *Ashapa* v. *Reed,* 280 Mass. 514. *MacDonald* v. *Adamian*, 294 Mass. 187.

*Exceptions overruled.*