CAROL FITZGERALD & another[1] vs. ALBERT E. LEACH.

Suffolk.    March 3, 1958. — May 5, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Physician and Surgeon.   Negligence,* Physician and surgeon.

Evidence warranted a finding of negligence on the part of a surgeon operat-
ing on the wrist of a girl after she had lacerated it in an accident in that
he failed to distinguish a severed nerve from a tendon and, instead of
suturing the nerve, united one end of it to the tendon and left the other
end lying free.

CONTRACT OR TORT originally by Carol Fitzgerald. Writ
in the Superior Court dated June 11, 1954.

By amendment Leo Fitzgerald, father of Carol, was
added as a plaintiff, and counts 3 and 4 were added to the
two counts originally in the declaration. In count 2 Carol
Fitzgerald sought damages for personal injuries, and in
count 4 Leo Fitzgerald sought consequential damages, by
reason of the defendant's negligence. The action was tried
before *Morton,* J. Counts 1 and 3 were waived. A motion
by the defendant for directed verdicts on counts 2 and 4
was denied. There were verdicts for the plaintiffs on counts
2 and 4. The defendant alleged exceptions.

*Joseph G. Schumb,* for the defendant.

*Joseph T. Doyle,* (*Edward J. McCormack, Jr.,* with him,)
for the plaintiffs.

COUNIHAN, J. This is an action of tort for malpractice
against a physician and surgeon licensed to practise within
our Commonwealth. He was on the staff of a hospital in
Boston.

In count 2 of the declaration the minor plaintiff, herein-
after called the plaintiff, seeks to recover damages for per-
sonal injury sustained by her as the result of negligence of

[1] Leo Fitzgerald, her father.

the defendant in the performance of an operation on her left wrist on September 14, 1953. By an amendment her father, Leo, was joined as a plaintiff to recover consequential damages. Counts 1 and 3 of the declaration which were in contract were waived by the plaintiffs.

The jury returned verdicts for both plaintiffs and the action comes here upon the exceptions of the defendant to the denial of his motion for a directed verdict on each count. There was no error.

The record of treatment at the hospital to which the defendant was attached, which was in evidence, discloses that the plaintiff, who was then fifteen years of age, was brought to the hospital on September 14, 1953. She had pushed her left hand through two panes of glass and suffered a laceration of her left wrist and flexor tendons. The defendant there operated on her left wrist. The operative report showed that all the superficial tendons, except the flexor tendon to the little finger, had been severed. The real deep tendons were intact. The "upper band of the tendon was isolated and brought down and sutured to the wound." The skin was then closed. The plaintiff remained in that hospital until September 18. Her hand was in a plaster splint and ace bandages for several weeks.

Following the removal of the cast she went to a highly reputable hospital for physiotherapy where it was discovered by the physiotherapist that there was loss of median nerve function. She was referred to the Neurosurgical Clinic of the second hospital where confirmation of the median nerve palsy was made. She was then admitted as a house patient for exploration of the median nerve.

The exploratory operation disclosed that the proximal segment of the median nerve was sutured to the distal portion of the sublimis tendon going to the middle finger. The distal end of the median nerve was found lying free. The nerve ends were trimmed and anastomosed with .003 tantalum wire. The tendon was sutured with 4–0 silk. The diagnosis was: Median nerve palsy, left proximal median nerve sutured to distal flexor sublimis tendon.

A medical expert who saw the plaintiff at his office shortly before the trial testified that he got a history of the accident and its after effects. He heard the records of both hospitals read at the trial and he made an examination of her left hand. He found that she had made some degree of recovery but when he saw her she still had a sensory loss at the base of her palm which had affected her ability as a typist. He found a lump in her left wrist which is called a neuroma. A neuroma is a group of nerve fibers which grow into a ball when after suturing they do not grow back into the nerve sheath. The median nerve is approximately the same size as the sublimis tendon but its color is slightly different. The texture of the sublimis tendon is more firm than that of the median nerve which may be compressed with one's fingers. Anatomically the median nerve is not at any time connected with the sublimis tendon. The records of the second hospital show that one end of the median nerve was lying free in the wound. The operation there performed was necessary to suture the median nerve properly. In his opinion so far as the median nerve is concerned the result unfortunately was not good. If the median nerve had been completely sutured instead of leaving one end lying loose in the wound and if one end of the median nerve had not been sutured to the sublimis tendon, the probabilities are that the plaintiff would have obtained a better result from the operation performed by the defendant. If the median nerve had been properly sutured by the defendant she probably would not have suffered a neuroma which produced the sensory loss which the medical expert discovered.

We are of opinion that the jury could warrantably find that the defendant was negligent in not distinguishing the sublimis tendon from the median nerve. It is implicit in the testimony of the medical expert that the operation was not done with the care and skill generally used and possessed in this community and that a surgeon who undertakes to operate in a field wherein nerves and tendons are exposed will distinguish them and not unite a nerve with a tendon.

The defendant relies upon *Bouffard* v. *Canby*, 292 Mass. 305, but in that case the plaintiff admitted in effect that there was no direct medical testimony that the defendant, a physician, did not exercise the proper care and skill in the treatment of a patient. In the case before us there was ample evidence from the hospital records and the testimony of the medical expert from which the jury could find that the defendant was negligent in his treatment of the plaintiff.

Negligence of the defendant in connection with the operation he performed on the plaintiff was a question of fact for the jury. *Levenson* v. *Ruble*, 307 Mass. 562, 566. *Woronka* v. *Sewall*, 320 Mass. 362, 367.

*Exceptions overruled.*